857 So.2d 1176 (2003)
STATE of Louisiana
v.
Willis J. GRANIER.
No. 03-KA-447.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2003.
Paul D. Connick, Jr., District Attorney, Andrea F. Long, Terry M. Boudreaux, Kia Habisreitinger, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Mark E. Morice, Gretna, LA, for Defendant/Appellant.
*1177 Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
Defendant, Willis Granier, appeals his conviction of driving while intoxicated, fourth offense. Granier entered a plea of guilty under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court's denial of his Motion to Quash two predicate offenses. He assigns the following errors:
1. The trial court erred in failing to quash the predicate offense of Record No. 617465, Division "A," Second Parish Court, because Mr. Willis Granier did not knowingly, intelligently and voluntarily waive his constitutional rights to be represented by counsel in that record.
2. The trial court erred in failing to quash the predicate offense of Record No. 617465, since Mr. Willis Granier was not informed of his constitutional rights so as to allow him to knowingly, intelligently and voluntarily enter a plea of guilty.
3. The trial court erred in failing to quash the predicate offense of Record No. 641594, Division "B," Second Parish Court since Mr. Willis J. Granier did not enter a knowing, intelligent and voluntary waiver of counsel prior to being tried for the charge of DWI, second offense.
4. The trial court erred in failing to quash the predicate offense of Record No. 641594 since Mr. Willis J. Granier, [sic] was not informed of his constitutional rights prior to or during the trial on April 2, 1998.
After review, this court grants the Motion to Quash in part, finding that Granier's guilty plea to one of the predicate offenses, that of Record No. 641594, Division "B," Second Parish Court, is constitutionally infirm. The denial of the Motion to Quash as to predicate offense from Record No. 617465, Division "A", Second Parish Court, is affirmed. We vacate the defendant's sentence, and remand for further proceedings.
PROCEDURAL HISTORY
On December 18, 2001, the Jefferson Parish District Attorney's Office filed a Bill of Information charging defendant with operating a motor vehicle while intoxicated (DWI), fourth offense. LSA-R.S. 14:98(E). Defendant was arraigned on January 7, 2002, and entered a plea of not guilty.
On January 15, 2002, defendant filed a Motion to Quash the Bill of Information. He argued that two of the predicate convictions alleged by the State were invalid because his guilty pleas in those cases were not knowing and voluntary. The trial court heard the motion on February 25, 2002, and took the matter under advisement. On February 27, 2002, the trial judge issued a judgment denying the Motion to Quash.
On July 11, 2002, defendant expressed his intention to withdraw his plea of not guilty, and to enter a plea of guilty as charged. Pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the trial court advised defendant of his right to trial by jury and confrontation, and his privilege against self-incrimination. The court also explained the charge against defendant, and the sentencing range to which defendant would be subject. Defendant stated that he understood his rights, and wished to waive them. Defendant further reserved his right to appeal the trial court's denial of his Motion to Quash. State v. Crosby, 338 So.2d 584 (La.1976).
*1178 The trial court accepted defendant's guilty plea as knowing and voluntary, and the court sentenced defendant to ten years at hard labor, suspending all but the 60 days already served. The court also imposed a $5,000.00 fine, and placed defendant on five years' active probation. As conditions of probation, the judge ordered that defendant undergo in-patient substance abuse treatment, that he serve two years' home incarceration, and that he attend a court-approved driving program. The court further ordered that any car defendant drives be equipped with an ignition interlock device.
Defendant filed a Motion for Appeal on July 30, 2002. While that motion was not timely under LSA-C.Cr.P. art. 914, defendant's statement that he wished to reserve his appeal rights under Crosby was sufficient to constitute a timely oral Motion for Appeal. See, State v. Romsky, 01-1067, p. 11 (La.App. 5 Cir. 4/10/02), 817 So.2d 186, 192, fn. 3. The trial court acknowledged defendant's intention to appeal the denial of the Motion to Quash.
FACTS
In the Bill of Information, the State alleged that on October 15, 2001, defendant operated a motor vehicle while intoxicated, having been convicted of DWI on three previous occasions.
ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in failing to quash the predicate offense of Record No. 617465, Division "A," Second Parish Court, because Mr. Willis Granier did not knowingly, intelligently, and voluntarily waive his constitutional rights to be represented by counsel in that record.
ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in failing to quash the predicate offense of Record No. 617465, since Mr. Willis Granier was not informed of his constitutional rights so as to allow him to knowingly, intelligently and voluntarily enter a plea of guilty.
By these assignments, defendant complains that the trial court erred in failing to quash the predicate conviction under Second Parish Court Record No. 617465, on grounds that his guilty plea was constitutionally unsound. Specifically, he complains that he did not knowingly and intelligently waive his right to counsel at the time of his guilty plea. He further argues that he was not properly advised of his constitutional rights and, consequently, that his plea was not knowing and voluntary. Defendant raised these arguments below in his Motion to Quash, and the trial court rejected them.
In State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, the Supreme Court extended the burden-shifting principles applicable to habitual offenders, as established in State v. Shelton, 621 So.2d 769, 779-780 (La.1993), to the recidivist provisions of the DWI statute. When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving 1) the existence of the guilty plea, and 2) that he was represented by counsel during the plea. Carlos, 98-1366 at p. 6, 738 So.2d at 559. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant satisfies that requirement, then the burden of proving the constitutionality of the plea shifts back to the State. Id. This does not abrogate the longstanding jurisprudence requiring the State to prove that the defendant knowingly and intelligently waived his right to counsel before pleading guilty to a *1179 predicate misdemeanor DWI that is used to enhance a subsequent DWI plea. State v. Kerwin, 02-103, p. 4 (La.App. 5 Cir. 5/15/02), 821 So.2d 28, 31.
The State met its initial burden by providing proof of the existence of a guilty plea. At the hearing on defendant's Motion to Quash, the State produced minute entries and a guilty plea form, as well as a transcript of the plea proceedings in Record No. 617465. The transcript reflects that defendant appeared in Second Parish Court for the Parish of Jefferson on June 26, 1997 on a charge of first offense DWI, a misdemeanor. He informed the judge that he wished to enter a guilty plea under LSA-C.Cr.P. art. 894. The judge, reading from the guilty plea form, informed defendant that he had the right to trial by judge and to confrontation, and the privilege against self-incrimination. Defendant stated that he understood those rights. A minute entry included in State's Exhibit 1 indicates that defendant pled guilty, and received a 30-day suspended sentence. State's Exhibit 1 also includes a guilty plea/Waiver of Rights form on which "Art 894" is handwritten. At the hearing on defendant's Motion to Quash, the prosecutor indicated that defendant had since been granted a judgment of acquittal under Article 894.
Defendant claims that the Waiver of Rights form indicates he did not intend to enter a plea of guilty, pointing out that the word "guilty" is marked out wherever it appears in the document. The State responds that the elimination of the word guilty on the form is simply an indication that defendant intended to take advantage of the provisions of Article 894. The State's argument is supported by this Court's ruling in State v. Frickey, 00-294, p. 5 (La.App. 5 Cir. 9/26/00), 769 So.2d 791, 794. In that case, the defendant challenged a predicate DWI conviction. This Court found that the waiver form pertaining to the earlier guilty plea supported the defendant's understanding that he was pleading under Article 894, because the word guilty was stricken from the form.
As is required by Carlos, the State made a showing that defendant knowingly and intelligently waived his right to counsel. In State v. Strain, 585 So.2d 540, 543-544 (La.1991), the Louisiana Supreme Court stated:
When an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency and conduct of the accused, as well as the nature, complexity and seriousness of the charge.... Determining the defendant's understanding of his waiver of counsel in a guilty plea to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial.
It is apparent from the evidence that defendant was not represented by counsel at the time of his guilty plea in Record No. 617465. The judge informed defendant that he was entitled to the assistance of a lawyer, and that if he could not afford an attorney, the court would appoint one to represent him. Defendant stated he understood that right and wished to waive it. Defendant now claims his waiver of counsel was not knowingly and intelligently made, as the trial court erred in failing to ascertain his mental capacity, age, and background.
*1180 In State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, the Supreme Court noted that:
[a]lthough Strain observed that "factors bearing on the validity of [the waiver] include the age, education, experience, background, competency and conduct of the accused," ... we did not thereby establish inflexible criteria or a magic word formula for determining the voluntariness of a waiver. The inquiry into the validity of the accused's waiver of counsel must take into account the totality of the circumstances in each case.
State v. Stevison, 97-3122 at p. 2, 721 So.2d at 844-845.
This Court's analysis in State v. Pickett, 99-532 (La.App. 5 Cir. 10/26/99), 746 So.2d 185 is applicable to defendant's argument. In that case, the defendant was convicted of DWI, third offense. One of the two predicate DWI convictions alleged by the State was the result of an uncounselled guilty plea. The guilty plea colloquy showed that the trial judge did not specifically inquire into the defendant's background or ability to understand the proceedings. The transcript showed that the judge verbally advised the defendant of his right to the assistance of a lawyer. The defendant also met with the Assistant District Attorney prior to pleading guilty, and reviewed a guilty plea form detailing his constitutional rights.
Citing State v. Stevison, supra, the Pickett court stated:
The colloquy in each case gave the trial court an opportunity to measure the defendant's capacity to understand the rights that he was waiving. Further, the waiver of rights form signed by both the defendant and the trial judge correctly listed the rights that were being waived. We conclude that the plea colloquy in the 1994 predicated conviction was sufficient to demonstrate that the defendant was properly advised of his right to counsel at all stages of the proceedings and to support a knowing waiver of his right to counsel.
State v. Pickett, 99-532 at p. 7, 746 So.2d at 189.
As in Pickett, it appears the trial court in the instant case had the opportunity, based on the colloquy, to measure the defendant's capacity to understand the rights he was waiving. Defendant stated he had reviewed and signed the Waiver of Rights form. He also said a number of times during the extensive guilty plea colloquy that he understood the judge's instructions. He indicated orally and in writing that he wished to enter his plea without the assistance of counsel. Upon concluding the recitation of rights, the trial judge asked defendant whether he had any questions. Defendant said that he did not. These factors provided the trial court with an adequate opportunity to assess "the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as the guilty plea." State v. Strain, 585 So.2d at 544. See also, State v. Hinson, 01-1548 (La.9/18/01), 797 So.2d 32 (per curiam); State v. Kerwin, 02-103 (La.App. 5 Cir. 5/15/02), 821 So.2d 28. Considering the record as a whole, it appears the trial court properly advised defendant prior to his guilty plea. It is of note that, on April 2, 1998, during trial on the DWI charge in Record No. 641594, defendant admitted under oath that he was guilty of DWI in Record No. 617465.
The State satisfied its initial burden under Carlos. The burden thus shifts to defendant to make an affirmative showing of an infringement of his rights or a procedural irregularity. Defendant argues that his guilty plea in Record No. 617465 was not knowingly and voluntarily made. He complains the trial court failed to properly *1181 advise him that his conviction could be used to enhance a subsequent offense, and that the court did not advise him of the sentencing range to which he was exposed.
The judge did, in fact, inform defendant that the plea could be used to enhance a future DWI charge. Defendant indicated he understood this. As to defendant's sentencing exposure, the judge simply informed defendant that he could be sentenced to the maximum term allowed by law. He did not specifically outline the sentencing range. LSA-C.Cr.P. art. 556.1, which statutorily mandates that a trial judge advise a defendant of the maximum possible penalty before accepting a guilty plea, was not in effect at the time of defendant's June 1997 guilty plea. It did not become effective until August 15, 1997. Moreover, the Louisiana Supreme Court has held that advice pertaining to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, but it has never formed part of the core Boykin requirements for the entry of a presumptively valid guilty plea. State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517. Defendant's argument lacks merit. Defendant has not successfully met his burden of showing procedural irregularities in the guilty plea.
Last, defendant submits that Judge Henry Sullivan granted his Motion to Quash convictions 617465 and 641594 as predicates in a previous DWI prosecution. The record contains a Motion to Quash in District Court Case No. 99-148 in the Twenty-Fourth Judicial District Court. The record also contains a minute entry indicating that Judge Sullivan quashed "the 1st offense DWI" and "the 2nd offense DWI." The minute entry further notes the State's intention of applying for writs from the court's ruling. The record does not contain specifics regarding those proceedings, or the judge's Reasons for Judgment. Judge Sullivan's ruling is not binding on this Court, and because the documents provided contain scant information, they are of little or no significance to this Court's analysis.
Based on the foregoing, these Assignments of Error regarding the predicate offense of Record No. 617465 have no merit.
ASSIGNMENT OF ERROR NUMBER THREE
The trial court erred in failing to quash the predicate offense of Record No. 641594, Division "B," Second Parish Court since Mr. Willis J. Granier did not enter a knowing, intelligent, and voluntary waiver of counsel prior to being tried for the charge of DWI, second offense.
ASSIGNMENT OF ERROR NUMBER FOUR
The trial court erred in failing to quash the predicate offense of Record No. 641594 since Mr. Willis J. Granier, [sic] was not informed of his constitutional rights prior to or during the trial on April 2, 1998.
DISCUSSION
Defendant here complains that the trial court erred in denying his Motion to Quash the predicate DWI conviction in Second Parish Court Record No. 641594, on grounds that the judge failed to obtain a valid waiver of counsel prior to trial on the misdemeanor charge, and that the judge failed to properly inform him of his right against self-incrimination. A criminal defendant has the right to counsel at every critical stage of the proceedings against him. McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); LSA-Const. art. I, § 13. The Sixth Amendment to the United States Constitution gives a defendant in a criminal prosecution the right to represent himself. Once informed of the right to counsel, a defendant may *1182 intentionally waive that right. State v. Strain, 585 So.2d at 542; State v. Luna, 00-858, p. 16 (La.App. 5 Cir. 10/31/00), 772 So.2d 249, 257, writ denied, 00-3244 (La.10/12/01), 799 So.2d 495.
Because an accused managing his own defense relinquishes many of the traditional benefits associated with the right to counsel, he must knowingly and intelligently forego those benefits in order to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Carpenter, 390 So.2d 1296, 1298 (La.1980). There are no minimum requirements for judging the sufficiency of a waiver of counsel. State v. George, 98-1149, p. 7 (La.App. 5 Cir. 3/30/99), 743 So.2d 685, 689. However, the trial judge must determine whether the accused who wishes to represent himself is competent to waive counsel and is voluntarily exercising his informed free will. Faretta v. California, 422 U.S. at 835, 95 S.Ct. at 2541; State v. Santos, 99-1897, p. 3 (La.App. 5 Cir. 9/15/00), 770 So.2d 319, 321. In this context, "the competence that is required of a defendant seeking to waive his right to counsel is the competence to waive the right, not the competence to represent himself." Godinez v. Moran, 509 U.S. 389, 399, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321 (1993).
The trial court's inquiry should involve more than an interchange of "yes" or "no" responses from the defendant. State v. Kirsch, 01-1017, p. 3 (La.App. 5 Cir. 3/26/02), 815 So.2d 215, 218. A waiver of counsel in order that an accused may enter into self-representation must be clear and unequivocal. Kirsch, 01-1017 at p. 2, 815 So.2d at 218.
The question is whether the record reflects that there was a valid waiver of counsel prior to trial in Record No. 641594. Minute entries included in State's Exhibit 2 at the hearing on the Motion to Quash indicate that defendant was advised of his right to counsel. It is unclear whether the court's advisal pertained only to defendant's right to counsel at arraignment, or at all critical stages in the proceedings. The State argues that the minute entries, along with defendant's prior experience and familiarity with the court system, are sufficient to show that he made a knowing and intelligent waiver of his right to counsel. The State's assertions lack merit.
There is nothing in the record from which this court can discern whether the trial court's advisal was sufficient. The trial transcript provided does not contain a colloquy pertaining to the right to counsel. Moreover, there is nothing to show that defendant understood this right, and that he knowingly and voluntarily waived it. Compare, State v. White, 98-0343 (La.App. 1 Cir. 12/28/98), 727 So.2d 574, in which the defendant challenged an uncounselled guilty plea used to support his conviction for DWI, fourth offense. The First Circuit found the record was insufficient to show the defendant knowingly and intelligently waived counsel at the time of his guilty plea to the predicate offense. The State had provided only a minute entry and a Waiver of Rights form, but no transcript to show that there was an inquiry regarding defendant's education, background, or competency.
Based on the foregoing, the trial court erred in failing to quash the predicate DWI conviction in Record No. 641594. We reverse, in part, the trial court's ruling on the Motion to Quash as it applies to the predicate conviction in Record No. 641594 and affirm in part as it applies to the predicate conviction in Record No. 617465. We vacate the defendant's sentence, and remand the case to the trial court for further proceedings. See, State v. Lowry, 01-111, p. 7 (La.App. 5 Cir. 6/27/01), 791 So.2d 765, 769.
*1183 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.