864 So.2d 758 (2003)
STATE of Louisiana
v.
Michael W. NABAK.
No. 03-KA-919.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2003.
*760 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Donald A. Rowan, Jr., Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
Defendant, Michael W. Nabak, appeals his conviction of driving while intoxicated, third offense, a violation of LSA-R.S. 14:98(D)(1). Michael Nabak pleaded guilty to the charge under State v. Crosby[1] and assigns as error the trial court's denial of his Motion to Quash, which alleged that the guilty pleas in his two predicate offenses were obtained without valid waivers of counsel, and thus, cannot be used to enhance the current charge. This appeal followed.

ASSIGNMENT OF ERROR NUMBER ONE
On appeal, Michael Nabak contends that the trial judge erred in refusing to grant the Motion to Quash the Bill of Information. In particular, he alleges that the predicate guilty pleas were constitutionally infirm in that he was not represented by counsel, and the proof presented in support of the predicate guilty pleas was insufficient to establish that he made knowing waivers of his right to counsel.[2]
The State replies that since the documents show that Michael Nabak was advised of and waived the right to counsel, the proof presented was sufficient to establish a knowing waiver of counsel, relieving the State of the necessity of producing the transcripts.
The predicate offenses listed in the Bill of Information were: (1) a guilty plea entered in Hancock, Mississippi, on November 17, 1998 in Docket No. 176-523, and (2) a guilty plea entered in Jefferson Parish in First Parish Court on June 28, 1999 in Docket No. F1217824.
Both predicate guilty pleas are the subject of Michael Nabak's Motion to Quash. The evidence offered by the State in support of the first predicate guilty plea consists of a single page, Mississippi Waiver of Rights form. The evidence offered by the State in support of the second predicate guilty plea consisted of certified copies of the Bill of Information, a minute entry reflecting the charges and disposition, and a Waiver of Rights form.
A presumption of regularity attaches to prior convictions in multiple-offender DWI cases and the burden is on the defendant to show the prior plea is constitutionally deficient.[3]
The Louisiana Supreme Court, in State v. Carlos, 738 So.2d at 559, found that the burden shifting principles set forth in State v. Shelton, 621 So.2d 769 (La.1993) applied to the recidivist portion *761 of the DWI statute, LSA-R.S. 14:98. Thus, under Carlos, when a defendant collaterally attacks a prior DWI guilty plea by a Motion to Quash, the State bears the initial burden of submitting sufficient evidence of the existence of the prior guilty plea and that the plea was counseled. State v. Carlos, 738 So.2d at 559. If the State meets this burden, the defendant must then produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. State v. Carlos, supra. If the defendant is able to do this, then the burden shifts to the State to prove the constitutionality of the plea. State v. Carlos, supra. The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy. Anything less than a "perfect" transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced. State v. Carlos, supra.
In support of its position that the predicate guilty pleas were constitutionally sound, the State presented State's Exhibit 1, which consisted of a single page Waiver of Rights/Guilty Plea Form from the First Justice Court in Hancock County, Mississippi, executed by Michael Nabak and the presiding judge, in conjunction with Michael Nabak's guilty plea taken in Doc. No. 176-523 on November 17, 1998. The form enumerates Michael Nabak's rights and lists among those rights the following: "I am giving up the right to have a lawyer; I understand that if I cannot afford a lawyer, one may be appointed to represent me."
The form also contained the following language:
I hereby certify under oath that there have been no threats or promises made to me in order to get me to enter this plea.
I further certify under oath that I have read and understand all of the above and that I desire to waive my rights and enter a plea of guilty.
The State also presented State's Exhibit 2, which consisted of certified copies of the Bill of Information, a minute entry reflecting the charges and disposition, and the Waiver of Constitutional Rights Plea of Guilty form, executed by Michael Nabak and the judge during the guilty plea proceeding that occurred in First Parish Court for the Parish of Jefferson in Docket No. 1217824 on June 28, 1999. The waiver form enumerated Michael Nabak's rights, including the right "(5) to have an attorney present at every stage of the proceeding." The form also specified the following:
If I elect to have a trial, I have a right to have competent counsel represent me at the trial and if I am unable to pay for counsel, the Court will appoint competent counsel to represent me. If convicted after trial, I have a right to appeal with competent counsel and by pleading GUILTY I am waiving these rights
....
No promises have been made to me by anyone in connection with this plea.
An attestation was also signed by Michael Nabak that stated:
I hereby certify that the above rights have been read and explained to my full satisfaction by ________, and that I have no further questions to ask concerning my rights and that this acknowledgment by me will become part of these proceedings.
No transcripts or any additional evidence was offered by the State in support of either of the two predicate guilty pleas. *762 Following this presentation, the trial judge denied Michael Nabak's Motion to Quash the Bill of Information,[4] over Michael Nabak's objection.
An uncounseled misdemeanor conviction, absent a valid waiver of counsel, may not serve as the predicate for enhancement of a subsequent DWI offense. See, State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 844, citing State v. Pugh, 588 So.2d 702 (La.1991); State v. Deroche, 96-1376, p. 1 (La.11/8/96), 682 So.2d 1251, 1252 (per curiam), quoting State v. Strain, supra.
Before accepting a misdemeanor guilty plea, the trial judge should expressly advise the defendant of his right to counsel and to appointed counsel if he is indigent. State v. Strain, 585 So.2d 540, 543-544 (La.1991); State v. Garrity, 97-958, p. 3 (La.App. 5 Cir. 1/27/98), 708 So.2d 1096, 1098. The judge should determine if the waiver is knowing and intelligent under the circumstances. State v. Garrity, 708 So.2d at 1097. The critical issue on review of the waiver of rights is whether the defendant understood the waiver. State v. White, 98-343, p. 7 (La.App. 1 Cir. 12/28/98), 727 So.2d 574, 577. In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. State v. Granier, 03-447 (La.App. 5 Cir. 9/30/03), 857 So.2d 1176, quoting State v. Strain, supra; State v. Pickett, 746 So.2d at 188. Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question that depends upon the facts and circumstances of each case. State v. Strain, 585 So.2d at 542. The Louisiana Supreme Court has recognized that crimes of driving while intoxicated are non-complex crimes, and almost self explanatory, thus requiring less judicial inquiry to determine if defendant understood his waiver of counsel in the case of a guilty plea. State v. Strain, 585 So.2d at 544. There is no magic word formula for making this determination, but the voluntariness of the waiver of counsel must take into consideration the totality of the circumstances. State v. Granier, supra, citing State v. Stevison, 721 So.2d at 845.
In State v. Deroche, 682 So.2d at 1252, the Louisiana Supreme Court held that a defendant's signature, on a printed waiver form advising defendant of his right to counsel and warning defendant of the dangers of self-representation (in which the form was also signed by the judge, indicating the judge's satisfaction that the accused understood the nature of his plea and its consequences), did not discharge the trial judge's duty to advise the defendant expressly of his right to counsel and to determine "on the record that the waiver was made knowingly and intelligently under the circumstances" taking into account such factors as the defendant's age, background, and education.
In this case, the documents presented by the State in support of the two predicate guilty pleas clearly indicate Michael Nabak was not represented by counsel. They also reveal that Michael Nabak was advised of his right to counsel and each set of documents indicate Michael Nabak waived that right. However, no additional evidence was presented by which to evaluate whether the waivers were made knowingly and intelligently. There is nothing in the record to indicate *763 that the trial judge made a determination on the record that Michael Nabak knowingly and intelligently waived his right to counsel. See State v. Stevison, 721 So.2d at 844; State v. Deroche, 682 So.2d 1251.
The State relies upon State v. Theriot, 00-870 (La.App. 5 Cir. 1/30/01), 782 So.2d 1078, to support its position that there was a valid waiver of counsel in each of these predicate proceedings. In Theriot, the State, in support of the validity of defendant's predicate guilty plea, offered a copy of a minute entry, Waiver of Rights form, and a transcript. The transcript did not address specifically the issue of the defendant's right to counsel, but it did evidence an explanation of the defendant's Boykin rights and afforded the defendant the opportunity to ask questions. The record also indicated that the defendant spoke to the district attorney before entering his plea and that he entered his plea pursuant to LSA-C.Cr.P. art. 894. This Court found the trial judge properly denied the Motion to Quash after finding a valid waiver of counsel in the predicate proceedings. This Court reasoned as follows:
The record indicates that Defendant was informed at arraignment of his right to counsel, thereby being informed of a right to counsel even at this preliminary stage of the proceedings. Further, Defendant signed a form waiving his right to counsel, which acknowledged his right to ask questions, but he did not ask questions or express hesitation during the colloquy. Finally, the guilty plea was to Defendant's benefit, since the charge was reduced to first offense DWI, the other charges were dismissed, and Defendant was allowed to plead under Article 894.
Therefore, considering the totality of the circumstances, we find that Defendant validly waived his right to counsel in the 1995 proceedings, and the trial judge properly denied the motion to quash.
Although the plea form in Theriot and the present case contain some of the same language, there are important facts that distinguish the two cases. In this case, there is no indication in the record that Michael Nabak was verbally advised at the arraignments (or any time) of his right to counsel or that he was afforded an opportunity to ask questions in either of the two predicate proceedings. In the case of the Mississippi guilty plea, there is no indication that Michael Nabak met with the district attorney or that a favorable sentence was received as the result of a plea bargain. In the case of the Louisiana guilty plea, a minute entry indicates Michael Nabak was originally charged with DWI and driving without a license and the license charge was dismissed. However, there is no indication from the record how or why the dismissal of the second charge occurred. For these reasons, Theriot is distinguishable.
In support of his claim that the uncounseled pleas could not serve as valid predicate offenses to charge him with DWI, third offense, Michael Nabak relies on State v. Pickett, supra. In Pickett, the defendant specifically argued with regard to his 1994 predicate guilty plea that he was not represented by counsel and the trial judge failed to inform him of the right to counsel and to make any inquiry into his background or ability to understand the proceeding. In Pickett, transcripts were presented to support both of defendant's predicate convictions in 1994 and 1995. The transcript of the challenged plea revealed the defendant was verbally advised by the judge of his right to counsel. The transcript also evidenced that the defendant spoke with the district attorney and worked out a favorable plea under LSA-C.Cr.P. art. 894. This Court, in Pickett, *764 concluded that the colloquy afforded the trial judge an opportunity to measure the defendant's understanding of the rights waived. The presentation of the transcript and colloquy containing the judge's advisory distinguish Pickett from the present case.
The present case, however, is more closely aligned to State v. Deroche, supra; State v. Granier, supra; (Assignment No. 3) and State v. White, 98-0343 (La.App. 1 Cir. 12/28/98), 727 So.2d 574.
In Granier (Assignment No. 3), in support of the guilty plea predicate (No. 641594), the State presented only a minute entry and a transcript, but no colloquy pertaining to the right of counsel; while in White and Deroche, the State presented only a minute entry and Waiver of Rights form. None of these cases presented a transcript or a colloquy concerning the right to counsel, or any evidence from which the trial judge could ascertain, on the record, the defendant's understanding of his waiver of counsel. In each of these three cases, the proof presented was found to be inadequate to support a finding of a knowing waiver of counsel.
Considering Granier, Deroche, and White, under the totality of the circumstances of this case, the State has failed to satisfy the second requirement of its initial burden under Carlos of proving a knowing and intelligent waiver of counsel in each of the two predicate guilty pleas. As such, the trial court erred in refusing to grant Michael Nabak's Motion to Quash the two predicate guilty pleas in this case.

ASSIGNMENT OF ERROR NUMBER TWO
According to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), the record has been reviewed for errors patent. Error patent was found concerning the sentence, but our disposition of the First Assignment of Error renders this discussion moot.
Accordingly, Michael Nabak's claim that the trial court erred in denying the Motion to Quash the Bill of Information has merit. We reverse that ruling and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] 338 So.2d 584 (La.1976).
[2] Additionally, Michael Nabak argued that during the Mississippi plea he was not informed of the possible consequences of a future conviction. This latter claim is not raised by this appeal.
[3] State v. Pickett, 99-532, p. 1 (La.App. 5 Cir. 10/26/99), 746 So.2d 185, 187, citing State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556.
[4] Although the judge's reasons only refer to the Mississippi predicate offense, the ruling included the Louisiana predicate offense also since both were the subject of Michael Nabak's Motion to Quash the Bill of Information.