ROBERT A. CHAISSON, Judge.
|2By this appeal, defendant, Andre W. Dillon, seeks review of the trial court’s denial of his motion to quash the bill of information. For the reasons that follow, we find no error in the trial court’s ruling and accordingly affirm defendant’s conviction and sentence.
On November 10, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant with driving while intoxicated (DWI), fourth offense, in violation of LSA-R.S. 14:98(A), (E). The bill of information alleged that defendant had prior convictions for DWI on February 12, 2004, under docket number F1508997 in the First Parish Court, Parish of Jefferson; on September 1, 2009, under docket number 09-DT-42 in the 11th Judicial District Court, Circuit Court, Wood-ford County, Illinois; and on September 3, 2009, under docket number 09-DT-357 in the 11th Judicial District Court, Circuit Court, McLean County, Illinois. At his arraignment, defendant pled not guilty.
|sOn October 5, 2011, defendant filed a motion to quash the bill of information alleging that his 2004 DWI guilty plea should not be used to enhance his current DWI charge because he was not represented by counsel and did not knowingly and intelligently waive the right to counsel in that predicate plea. The court conducted a hearing on the motion on October 20, 2011. After considering the evidence presented and the arguments of counsel, the trial court denied defendant’s motion to quash.
Thereafter, on November 2, 2011, defendant withdrew his not guilty plea and pled guilty as charged pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thereby reserving his right to appeal the trial court’s denial of his motion to quash. In accordance with the plea agreement, the trial court sentenced defendant to ten years at hard labor, two years without benefit of probation, parole, or suspension.[1] The trial court suspended eight years of the sentence and placed defendant on active probation for five years, commencing upon release from custody. The trial court ordered that the first two years of probation be completed on SCRAM[2] in satisfaction of the home incarceration requirement. In addition, the trial court imposed a fine of $5,000.00, as well as forty eight-hour days of community service. The court ordered defendant to participate in a court approved driver improvement program and further ordered him to undergo an evaluation by the Department of Health and Hospitals or participate in a substance abuse treatment program. Defendant now appeals.

14LAW AND ANALYSIS

In his sole assignment of error, defendant argues that the trial court erred in denying his motion to quash the bill of information based on a constitutionally deficient predicate plea. Defendant specifically contends that his 2004 guilty plea to a misdemeanor DWI cannot be used to enhance the instant offense because he was not represented by counsel and did not knowingly and intelligently waive his right to counsel. Defendant further argues that he did not fully understand the future ramifications of the proceedings, and in *974 particular, was not aware of the enhancement penalties for subsequent offenses.
A presumption of regularity attaches to prior convictions in multiple offender DWI cases and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. State v. Collins, 04-255 (La.App. 5 Cir. 10/12/04), 886 So.2d 1149, 1153, writ denied, 04-2798 (La.3/11/05), 896 So.2d 62. When a defendant challenges the constitutionality of a predicate guilty plea involving the recidivist portion of the DWI statute, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when the plea was taken. If the State meets this initial burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes the required showing, then the burden shifts back to the State to prove the constitutionality of the plea.[3] State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559.
The State will meet this burden by producing a “perfect” transcript of the guilty plea colloquy, which reflects a voluntary, informed, and articulated waiver |aof the three specific rights mentioned in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[4] Anything less than a perfect transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced. State v. Carlos, 738 So.2d at 559; State v. Shelton, 621 So.2d at 775.
In the instant case, defendant challenged the constitutionality of the 2004 predicate DWI guilty plea; thus, the State had the initial burden of showing the existence of the guilty plea and that defendant was represented by counsel when the plea was entered. The State clearly proved the existence of the 2004 DWI guilty plea. At the October 20, 2011 hearing on the motion to quash, the State produced a certified copy of the 2004 conviction, which included the traffic citation, the bill of information charging defendant with a first offense DWI and reckless operation of a vehicle, and the February 2004 waiver of rights plea form, commitment, and transcript.[5] These documents showed that on February 12, 2004, defendant pled guilty to first offense DWI, in violation of LSA-R.S. 14:98(B). The trial court then sentenced defendant to sixty days in parish prison, suspended the sentence, and placed him on active probation for six months. The court also ordered defendant to pay a fine of $400.00, perform thirty-two hours of community service, and participate in a driving improvement school and a substance abuse *975 program. Thus, the State proved the existence of the 2004 DWI guilty plea.
However, these documents which proved the existence of the 2004 guilty plea clearly reflect that defendant was not represented by counsel at the time of the |fiplea. Therefore, the State failed in proving the second part of its initial burden that defendant was represented by counsel at the time he pled guilty. The issue which must now be addressed is whether defendant waived his right to counsel prior to entering his guilty plea.
The right to counsel is a fundamental right guaranteed by the federal and state constitutions. U.S. Const, amend. VI; La. Const, of 1974, art. 1, § IB. Before accepting a misdemeanor guilty plea, the trial judge should expressly advise the defendant of his right to counsel and to appointed counsel if he is indigent. Once informed of the right to counsel, an accused may intentionally waive the right. State v. Rodrigue, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 493. An uncounseled misdemeanor conviction, absent a valid waiver of counsel, may not serve as a predicate for enhancement of a subsequent DWI offense. The State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemean- or DWI that is used to enhance a subsequent DWI offense. State v. Bush, 03-1438 (La.App. 5 Cir. 4/27/04), 873 So.2d 795, 798.
The trial judge should determine if the waiver is knowing and intelligent under the circumstances. In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. State v. Rodrigue, 795 So.2d at 493. Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question which depends upon the facts and circumstances of each case. State v. Strain, 585 So.2d 540, 542 (La.1991). The Louisiana Supreme Court has recognized that crimes of driving while intoxicated are non-complex crimes, and almost self-explanatory, thus requiring less judicial inquiry to determine if | defendant understood his waiver of counsel in the case of a guilty plea. State v. Strain, 585 So.2d at 544; State v. Nabak, 03-919 (La.App. 5 Cir. 12/30/03), 864 So.2d 758, 762.
When considering the colloquy and waiver of rights form together in the instant case, we find that the State proved that defendant knowingly and intelligently waived his right to counsel prior to entering his guilty plea to first offense DWI on February 12, 2004. The transcript from the 2004 predicate plea, which was introduced at the motion to quash hearing, reflects that at the beginning of the proceeding, the clerk noted that “defendant is going to plead guilty to first offense DWI under Article 894 and the reckless operation will be dismissed.” The trial court then addressed defendant as follows:
THE COURT:
Is that correct Mr. Dillon, you now wish to enter a plea of guilty to the charge of driving while intoxicated?
THE DEFENDANT, ANDRE DILLON:
Yes, sir.
THE COURT:
You understand that you have a right to be represented by an attorney. If you cannot afford an attorney, I will appoint one to represent you?
THE DEFENDANT, ANDRE DILLON:
*976 Yes, sir.
We acknowledge that during the colloquy, the trial court did not specifically ask defendant if he wished to waive his right to counsel.[6] However, the waiver of rights form executed by defendant, which was also introduced at the motion to |squash hearing, reflects that defendant was advised of his right to counsel and knowingly and intelligently waived that right. The waiver form specifically advised defendant of his right “to have an attorney present at every stage of the proceeding and, if financially unable to employ counsel, one will be appointed to represent me.” The form further advised defendant as follows:
If I elect to have a trial, I have a right to have competent counsel represent me at the trial and if I am unable to pay for counsel the Court will appoint competent counsel to represent me. If convicted after trial, I have a right to appeal with competent counsel and by pleading GUILTY I am waiving these rights.
Both defendant and the trial judge signed the waiver of rights form. Defendant signed the form a second time certifying that his rights had been read to him and explained to his full satisfaction and that he had no further questions.
Based on the foregoing, and in light of the totality of the circumstances, we find that the State proved that defendant knowingly and intelligently waived his right to counsel prior to entering his guilty plea to first offense DWI on February 12, 2004. Because the State met its initial burden, the burden then shifted to defendant to produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the plea.
At the motion to quash hearing, defendant testified that at the time of his 2004 plea, he had no legal counsel present. According to defendant, he was young and just about to graduate high school at the time of the plea.[7] Further, he had no legal training and was not aware that a lawyer was available to him, that he could maintain his innocence, or that the conviction could be used against him in a later proceeding. However, during his testimony, defendant admitted that he never had an issue with competency and was not under the treatment of a doctor at that time. |9Defendant recalled answering the judge’s questions at the time of the plea, admitted that he was given an opportunity to tell the judge anything he did not understand about the proceeding, and further acknowledged signing and “most likely” reading the waiver of rights form. In particular, defendant admitted that he read the form which included the statement that he had the right to an attorney at every stage of the proceeding, and if he was financially unable to employ counsel, one would be appointed for him. He also admitted that the judge told him that he had the right to a lawyer, and if he could not afford a lawyer, one would be appointed for him.
Based on the evidence presented at the motion to quash hearing, and in particular, *977 defendant’s own testimony, we find that he failed to meet his burden of showing an infringement of his rights or a procedural irregularity in the taking of the plea.
As part of his challenge to the 2004 guilty plea, defendant claims that this plea was invalid because portions of his waiver of rights form were left blank. In particular, defendant’s name was not filled in on the first page of the form, nor was the name of the person who advised him of his rights filled in on the last page of the form. However, given the other information contained on the form and the record of the predicate offense, we find these two blank lines inconsequential to defendant’s knowing and voluntary waiver of his rights. The dated form was signed by defendant in two places and contained defendant’s driver’s license number, date of birth, and social security number. Moreover, the transcript from that guilty plea shows that the trial judge conducted a colloquy with defendant and advised him of his Boykin rights. See State v. Kerwin, 02-103 (La.App. 5 Cir. 5/15/02), 821 So.2d 28, 34, where this Court has found that blanks on a waiver of |inrights form were inconsequential and did not affect the validity of defendant’s guilty plea.
Defendant further argues that his predicate plea was deficient because he was not advised of the legal consequences of his guilty plea, particularly, that he could face a harsher penalty if he were to be convicted of another DWI offense. However, this argument has no merit. The guilty plea form reflects that defendant was advised and understood that his conviction could be used to enhance the penalties in a subsequent DWI conviction. The trial court also advised defendant that if he were charged with another offense within the next ten years, it could be considered a second offense.
Based on the foregoing, we find that defendant failed to meet his burden of making an affirmative showing of an infringement of his rights or a procedural irregularity in the taking of the 2004 predicate plea. As such, the burden did not revert back to the State. Nevertheless, we note that the State did produce a “perfect” transcript reflecting a voluntary, informed, and articulated waiver of the Boy-kin rights. During the February 12, 2004 colloquy, the trial court advised defendant of his right to trial, his right to face and cross-examine his accusers, his right to compel the attendance of witnesses in his own behalf, his right to counsel, and his privilege against self-incrimination. The court then told defendant that no one could force him to plead guilty. Defendant advised the judge that no one had forced him to plead guilty, and that he was pleading guilty because he was in fact driving while intoxicated on September 11, 2003. The court then advised defendant of the possible penalty and that if he were charged with another offense within ten years, it could be considered a second offense. After being informed of this information, defendant told the trial judge that he still wished to plead guilty.
| T1 Considering the foregoing, we find that the 2004 predicate plea was not constitutionally infirm and was properly used to enhance defendant’s current DWI charge. Therefore, we find no error in the trial court’s denial of defendant’s motion to quash the bill of information.

ERROR PATENT REVIEW

We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals no errors that require corrective action.
*978 For the reasons set forth herein, we find no error in the trial court’s denial of defendant’s motion to quash and accordingly affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.

. On the same date, defendant pled guilty, in case number 10-5534, to the following three misdemeanor charges: reckless operation, driving without a valid driver’s license, and no driver's license on person. The trial court sentenced defendant to six months in parish prison on each count, to run concurrently with each other and with the sentence imposed in the instant case.

. Secure Continuous Remote Alcohol Monitoring

. This burden shifting scheme was first enunciated in State v. Shelton, 621 So.2d 769 (La.1993), which involved habitual offender proceedings. In State v. Carlos, supra, the Louisiana Supreme Court extended this burden shifting scheme to the recidivist portions of the DWI statute.

. In Boykin, supra, the United States Supreme Court emphasized three federal constitutional rights that are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront accusers. In State v. Balsano, 09-0735 (La.6/19/09), 11 So.3d 475 (per curiam), the Louisiana Supreme Court recognized that, in many cases, prior DWI convictions used to enhance sentences are misdemeanor offenses in which the defendant does not have the right to a jury trial, shrinking the three-right rule to two rights.

.These documents were attached as an appendix to the State’s opposition to the motion to quash, and at the hearing, they were introduced as Joint Exhibit One.

. A similar situation occurred in State v. Wetzel, 09-844 (La.App. 5 Cir. 11/23/10), 54 So.3d 698. In Wetzel, the transcript reflected that the trial court advised defendant of his right to counsel and appointed counsel, if indigent; however, it did not reflect that the trial judge asked defendant if he wished to waive his right to counsel. This Court considered the transcript in conjunction with the well-executed waiver of rights form and found that the State met its initial burden of proving the validity of defendant's guilty plea.

. At the motion to quash hearing, defendant testified that at the time of his 2004 guilty plea, he was "maybe 20 or 21." We note that defendant’s date of birth is September 5, 1978; thus, he would have been twenty-five years old at the time of the predicate plea.