STATE OF LOUISIANA                           NO. 23-K-275

VERSUS                                       FIFTH CIRCUIT

RICKY JOSEPH, JR.                            COURT OF APPEAL

                                             STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

July 10, 2023

Linda Wiseman
First Deputy Clerk

**IN RE** RICKY JOSEPH, JR.

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST. JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE KATHERINE TESS STROMBERG, DIVISION "C", NUMBER 19,1225 & 19,8208

---

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

## WRIT GRANTED IN PART; DENIED IN PART

Relator, Ricky Joseph, Jr., seeks review of the trial court's denial of his motion to quash his three predicate driving while intoxicated (DWI) convictions. For the following reasons, we grant the writ in part and find that the trial court erred in denying relator's motion to quash as to his first predicate conviction. As to the second and third predicate convictions, we find the trial court did not abuse its discretion in denying the motion to quash and we deny the writ in part as to those predicate convictions.

On May 22, 2019, the District Attorney for St. James Parish filed a bill of information charging relator with driving while intoxicated, fourth offense, in violation of "La. R.S. 14:98(98.4)." On March 24, 2023, relator filed a "Motion to Quash Predicate Offenses," seeking to quash the three predicate convictions relied upon in the bill of information—(1) an April 8, 2010 DWI conviction in violation of La. R.S. 14:98; (2) a December 28, 2010 DWI conviction in violation of La. R.S. 14:98; and (3) a March 21, 2011 DWI conviction in violation of La. R.S. 14:98. Following a March 27, 2023 hearing, the trial judge denied relator's motion to quash the three predicate convictions. This writ application followed.

A ruling on a defendant's motion to quash the bill of information is a discretionary ruling and should not be disturbed absent an abuse of discretion. *State v. Boudreaux*, 13-394 (La. App. 5 Cir. 12/12/13), 131 So.3d 342, *writ denied*, 14-115 (La. 6/20/14), 141 So.3d 807. This Court, in *State v. Dillon*, stated:

A presumption of regularity attaches to prior convictions in multiple offender DWI cases and the burden is on the defendant to show

23-K-275

the prior guilty plea is constitutionally deficient. *State v. Collins*, 04-255 (La. App. 5 Cir. 10/12/04), 886 So.2d 1149, 1153, *writ denied*, 04-2798 (La. 3/11/05), 896 So.2d 62. When a defendant challenges the constitutionality of a predicate guilty plea involving the recidivist portion of the DWI statute, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when the plea was taken. If the State meets this initial burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes the required showing, then the burden shifts back to the State to prove the constitutionality of the plea. *State v. Carlos*, 98-1366 (La. 7/7/99), 738 So.2d 556, 559.

*State v. Dillon*, 12-67 (La. App. 5 Cir. 9/11/12), 101 So.3d 970, 974.

If the record reflects that the predicate plea was uncounseled, the State has the burden of proving a valid waiver of counsel. *State v. Domino*, 10-661 (La. App. 5 Cir. 1/25/11), 60 So.3d 659, 664-65.  The right to counsel is a fundamental right guaranteed by the federal and state constitutions. U.S. Const. amend. VI; La. Const. of 1974, art. 1, § 13. An uncounseled misdemeanor conviction, absent a valid waiver of counsel, may not serve as a predicate for enhancement of a subsequent DWI offense. *State v. Dillon*, 12-67 (La. App. 5 Cir. 9/11/12), 101 So.3d at 975.  The State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemeanor DWI that is used to enhance a subsequent DWI offense. *Id.*

Before accepting a misdemeanor guilty plea, the trial judge should expressly advise the defendant of his right to counsel and to appointed counsel if he is indigent. *State v. Nabak*, 03-919 (La. App. 5 Cir. 12/30/03), 864 So.2d 758, 762; *State v. Rodrigue*, 01-377 (La. App. 5 Cir. 8/28/01), 795 So.2d 488, 493, citing *State v. Garrity*, 97-958 (La. App. 5 Cir. 1/27/98), 708 So.2d 1096, 1098.  The trial judge should determine if the waiver is knowing and intelligent under the circumstances. *Id*. In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question which depends upon the facts and circumstances of each case. *Id*., citing *State v. Strain*, 585 So.2d at 542 (La. 1991).  Evidence of waiver alone, without evidence to support a determination that such waiver was knowing and intelligent, is insufficient to meet the State's burden to prove that a defendant waived his right to counsel.  *State v. Nabak*, *supra*.

Upon review of the writ application and the attachments thereto, we find that the trial court erred in denying relator's motion to quash as to the April 8, 2010 or first predicate conviction. The evidence introduced in connection with the hearing on relator's motion to quash reflects that relator's April 8, 2010 predicate conviction is the result of a guilty plea during which relator was unrepresented by counsel.  The April 8, 2010 Waiver of Rights Form and minute entry introduced into evidence do not reflect that relator was represented by counsel at the time of the guilty plea.  Further, although the minute entry states that relator was informed of and waived his *Boykin* rights, the Waiver of Rights form introduced into

2

evidence is incomplete—with many provisions left blank and not initialed by relator, including the provision stating, "I desire to represent mysef knowing that I could have an attorney if I desired one. I believe this plea is in my best interest and I recognize the dangers of representing myself." At the motion to quash hearing, the State failed to introduce the guilty plea transcript reflecting a colloquy during which relator knowingly and intelligently waived his right to counsel. Based upon the evidence presented at the hearing, we find the State failed to meet its burden to prove that relator knowingly and intelligently waived his right to counsel and, thus, the predicate conviction may not be used to enhance the current DWI charge. *State v. Dillon*, *supra*; *State v. Nabak*, *supra*.

Concerning the December 28, 2010 and the March 21, 2011 predicate convictions, relator acknowledges that the *Boyin* forms are completed and that relator was represented by counsel at the time he entered into both guilty pleas. He acknowledges that neither plea is constitutionally infirm. However, relator asserts that the Waiver of Rights forms, which reference the habitual offender law and not specifically the enhanced penalties for a third or subsequent DWI offense, are not sufficient to notify him of the potential enhancements in the context of DWI law.

Louisiana law has never extended the core *Boykin* constitutional requirements to include advice with respect to sentencing. *State v. Nuccio*, 454 So.2d 93, 104 (La. 1984). The Louisiana Supreme Court has instructed that such advice is not part of the core *Boykin* constitutional requirements. *State v. Guzman*, 99-1528 (La. 5/16/00), 769 So.2d 1158, 1164, citing *State v. Anderson*, 98-2977 (La. 3/19/99), 732 So.2d 517. Moreover, there is no requirement that the trial judge advise a defendant of subsequent enhanced penalties before accepting a guilty plea. See La. C.Cr.P. arts. 556 and 556.1; *State v. Guzman*, *supra*; *State v. Douglas*, 39,036 (La. App. 2 Cir. 10/29/04), 888 So.2d 982, *writ denied*, 04-3146 (La. 4/1/05), 897 So.2d 601. Nonetheless, the record in this case reflects that the Waiver of Rights forms, which are completed and demonstrate that relator was counseled at the time of both the December 28, 2010 and March 21, 2011 guilty pleas, contain the following advisal or statement:

> I understand that this plea can be used to multiple-bill me as a second, third or greater offender and if this happens this plea would seriously affect me under the Habitual Offender Law and to enhance any future sentence that I may receive.

> I understand that in order to be multiple billed under the Habitual Offender Law, it does not matter whether one offense occurred before or after any other offense. I also understand that the District Attorney's Office can go back 10 years in order to use prior offenses for multiple-billing purposes. I also understand that if I'm multiple-billed and convicted in the future as a second or greater offender of D.W.I., the Court must order the interlock system to be installed on my vehicle during the length of any probation in order that I may drive.

Upon review of relator's writ application and the attachments thereto, we find that the trial judge did not abuse her discretion in finding that the State met its burden to prove that relator knowingly and voluntarily waived his *Boykin* rights when he entered into his December 28, 2010 and March 21, 2011 counseled guilty pleas. We therefore find that the trial judge did not abuse her discretion in the denial of relator's motion to quash the second and third predicate convictions.

Accordingly, this writ is granted in part and we reverse the trial court's judgment as to relator's April 8, 2010 predicate conviction and find that the April 8, 2010 predicate conviction may not be used to enhance the current DWI charge. In all other respects, this writ is denied.

Gretna, Louisiana, this 10th day of July, 2023.

**FHW**
**JGG**
**RAC**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **07/10/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-275**

### E-NOTIFIED
23rd Judicial District Court (Clerk)
Hon. Katherine Tess Stromberg (DISTRICT JUDGE)
Gordon D. Bush (Relator)

### MAILED
Honorable Ricky L. Babin (Respondent)
District Attorney
23rd Judicial District Court
Post Office Box 1899
Gonzales, LA 70707

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Ricky L. Babin
District Attorney
23rd Judicial District Court
Post Office Box 1899
Gonzales, LA 70707
23-K-275                    07-10-23

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2434 6249 3635 29

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7745

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

J Cosso

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053            Domestic Return Receipt