679 So.2d 899 (1996)
STATE of Louisiana
v.
Robert SHEPPARD.
No. 95-KK-0370.
Supreme Court of Louisiana.
September 13, 1996.
PER CURIAM.
The record fully supports the district court's ruling that relator did not have a viable defense of insanity based on long-term substance abuse and that the failure of appointed counsel to discuss the defense with him had no bearing on the voluntariness of his guilty plea. Hill v. Lockhart, 474 U.S. 52, 55, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); State v. Washington, 491 So.2d 1337, 1338-39 (La.1986).
The record also shows, however, that relator had no opportunity to discuss with any attorney the critical decision of whether to plead guilty or to stand trial. Relator's first attorney, who had been appointed over one month prior to trial, spoke with him for the first time on the morning of trial in court, only to inform relator that he was withdrawing from the case. When relator's stand-in counsel arrived at court later that day, the attorney learned from the prosecutor that a deal had already been struck with relator. Counsel found relator waiting for him with a guilty plea form already in hand, and made no effort to apprise himself of the circumstances of the offense or to advise relator with respect to his decision to plead guilty. Counsel simply read over the waiver form with relator and assured himself that relator wanted to plead. At sentencing, relator's first attorney reappeared on his behalf but made no effort to intercede with the judge because he assumed that sentence had been made part of the plea bargain. Counsel was accordingly "surprised" when the trial court imposed the maximum penalty of 99 years at hard labor on a twenty-one-year-old first offender.
After the initiation of formal adversary proceedings, plea bargaining constitutes a critical stage in the case at which the defendant's Sixth Amendment right to the effective assistance of counsel attaches. *900 Brown v. Doe, 2 F.3d 1236 (2nd Cir.1993), cert. denied, 510 U.S. 1125, 114 S.Ct. 1088, 127 L.Ed.2d 403 (1994); United States v. Sammons, 918 F.2d 592 (6th Cir.1990); Copas v. Comm'r. of Correction, 234 Conn. 139, 662 A.2d 718 (1995); State v. Swindell, 93 Wash.2d 192, 607 P.2d 852 (1980). Without an express waiver by the defendant, the absence of counsel at this stage is presumptively prejudicial.[1]
Relator's conviction and sentence are accordingly vacated, and this case is remanded to the district court for further proceedings in accord with the law.
VACATED AND REMANDED.
WATSON, KIMBALL and VICTORY, JJ., would deny the writ.
BLEICH, J., not on panel.
NOTES
[1] Lorraine v. Gladden, 261 F.Supp. 909, 911 (D.Ore.1966) ("The appointment of counsel after the successful negotiation of the guilty plea and minutes before its entry was ineffective, and did not give petitioner the representation required by the Constitution...."); State v. Swindell, 93 Wash.2d 192, 607 P.2d 852, 855 (1980) ("Without the presence and advice of counsel, the defendant was in no position to evaluate the wisdom of pleading guilty or the risk of going to trial.... Without counsel, defendant was in a wholly unequal bargaining position which rendered meaningless the `mutuality of advantage' from which plea bargaining flows.") (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S.Ct. 663, 667-68, 54 L.Ed.2d 604 (1978)); See United States v. Cronic, 466 U.S. 648, 659, n. 25, 104 S.Ct. 2039, 2047, n. 25, 80 L.Ed.2d 657 (1984) (the Supreme Court "has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.").