|{.DECUIR, Judge.
Defendant, Kevin Lynn Falls, pled guilty to armed robbery pursuant to a *890 stipulated plea agreement. Prior to sentencing, Defendant moved to withdraw his guilty plea, which motion the trial court denied. On appeal, Defendant contends the guilty plea was constitutionally infirm and the trial court erred in refusing to allow him to withdraw the plea. On original hearing, we reversed, vacated the plea, and remanded for further proceedings. The Supreme Court, in a per curiam, granted writs and reversed. The case has been remanded to this court for consideration of other issues.
Defendant previously argued that the stipulated plea agreement contained an error of law regarding the sentence to be recommended to the trial court. We agreed, finding that the provision of the plea agreement concerning a partially suspended sentence for a conviction for armed robbery was illegal and, therefore, violated the knowing and voluntary nature of the plea itself. The Supreme Court acknowledged the illegality of the sentencing recommendation. However, the Supreme Court dismissed the issue because it had been raised by the Defendant for the first time on appeal.
We are now called upon to revisit this clearly illegal stipulated plea agreement, and the guilty plea entered pursuant thereto, and determine if Defendant’s remaining assignments of errors have merit.
In the first of these assignments, Defendant contends he did not have an opportunity to adequately discuss with his attorney the merits of going to trial versus pleading guilty under the terms (albeit illegal) offered by the prosecutor. The record reflects otherwise. Defendant discussed with counsel the facts and circumstances of lahis case. Defendant agreed with his attorney that the State’s evidence would support a conviction. Defendant was aware of the rights he was waiving. Furthermore, Defendant has not shown any prejudice resulting from the legal representation with which he was provided. See for discussion Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Sheppard, 95-0370 (La.9/13/96); 679 So.2d 899. We find no merit to this assignment of error.
Defendant next contends that because his court-appointed counsel also represented a co-defendant, the attorney had a conflict of interest and was unable to provide him with effective legal assistance. This argument, without supporting evidence, is meritless.
First, the record is not clear as to whether the Defendant’s allegation of multiple representation is in fact correct. Second, there is nothing in the record to indicate actual conflict of representation. The mere “possibility” of conflict is insufficient to impugn a criminal conviction; the defendant must show that his counsel actively represented conflicting interests. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Furthermore, even if there were multiple representations on the day of Defendant’s guilty plea, which was alleged but not proven, there is nothing which indicates that the Defendant was-prejudiced in any way.
It is well settled that the trial court is granted great discretion in allowing the withdrawal of a guilty plea prior to sentencing. La.Code Crim.P. art. 559. The trial court’s refusal to allow a withdrawal of a guilty plea will not be overturned absent a manifest abuse of discretion. State v. Hidalgo, 96-403 (La.App. 3 Cir. 1996); 684 So.2d 26.
The record does not support the Defendant’s contention that the trial court abused its discretion in refusing to allow the Defendant the opportunity to withdraw Uthe guilty plea. Accordingly, there was no error in the trial court’s ruling. However, the trial court is directed to inform the Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the *891 Defendant received the notice in the record of the proceedings.
AFFIRMED, WITH INSTRUCTIONS.