795 So.2d 488 (2001)
STATE of Louisiana
v.
Glenn D. RODRIGUE.
No. 01-KA-377.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2001.
*490 Paul D. Connick, Jr., District Attorney, Rebecca J. Becker, Terry Boudreaux, Louis M. Butler (Trial Counsel) Assistant District Attorneys, Gretna, LA, Counsels for the State of Louisiana, Appellant.
G. Patrick Hand, III, The Hand Law Firm, APLC, Gretna, LA, Counsel for Glenn D. Rodrigue, Defendant-Appellee.
Panel composed of Judges JAMES L. CANNELLA, WALTER J. ROTHSCHILD, and JAMES C. GULOTTA, Pro Tem.
ROTHSCHILD, Judge.
The State of Louisiana appeals a ruling by the trial court which granted the defendant's motion to quash the bill of information charging him with driving while intoxicated, third offense. For the reasons which follow, we reverse and remand.
On August 9, 2000, the defendant, Glenn D. Rodrigue, was charged by bill of information with operating a vehicle while intoxicated ("DWI"), third offense, a violation of LSA R.S. 14:98D. The bill of information charges that on March 6, 2000, the defendant operated a motor vehicle while intoxicated, and that the defendant had been convicted of DWI on two prior occasions. The first predicate conviction *491 set forth in the bill of information was obtained on April 13, 1994, in the Second Parish Court of Jefferson, Docket No. S556356, Division "B", and the second predicate conviction was obtained on April 4, 1996, in the Second Parish Court of Jefferson, Docket No. S587415, Division "A." On September 20, 2000, the defendant pled not guilty to the charge of DWI, third offense.
On January 25, 2001, the defendant filed a motion to quash the bill of information, with a supporting memorandum, wherein he alleged that the 1994 predicate conviction could not be used for enhancement purposes, because Rodrigue was not represented by counsel during this plea and the State could not show a knowing and intelligent waiver of counsel. A copy of the transcript of the Boykin proceedings for the 1994 predicate conviction and the waiver of rights form for the 1994 conviction were attached as exhibits to the defendant's motion to quash. A hearing on the motion to quash was set for January 29, 2001. At the hearing, the parties submitted the matter on the pleadings and the transcripts filed in the record. After reviewing the documents submitted by the parties, the trial court granted the motion to quash. In granting the defendant's motion to quash the 1994 predicate conviction, the trial judge stated:
I find there are some questions as to whether at the time the defendant entered into a plea of guilty that he knowingly, intelligent[ly], and voluntarily waived his right to counsel, again, as he entered into this plea. I find that the Boykin is insufficient in that it's clearly established that his plea of guilty was [not] knowing, intelligent and voluntary in light of the fact that he was not properly advised in the Boykin and I find also that there is a space which may have been of importance indicating the sentence in the Boykin which was never completed, therefore, I'm going to grant the motion to quash.
The State filed a motion for appeal on February 1, 2001, and it was granted by the trial court on February 13, 2001.

LAW AND DISCUSSION
The State asserts that the trial court erred in granting the motion to quash without holding a hearing pursuant to State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556. Alternatively, the State contends that the evidence submitted shows that the predicate conviction was constitutionally obtained.
The defendant responds that the State's appeal is untimely and should not be considered. In the alternative, he argues that the trial court did not err in failing to hold a hearing on the motion to quash where both parties agreed to submit the matter on the pleadings and the record. Finally, the defendant argues that the trial court's ruling was not in error because the defendant's uncounseled guilty plea to the 1994 predicate offense was not constitutionally obtained.
The defendant argues that the State's appeal should be dismissed because it is untimely. The record reveals that the trial court granted the State's motion for appeal on February 13, 2001 and provided a return date of April 1, 2001. This date was a Sunday; therefore, the trial court clerk would have had until the next working day, April 2, 2001, within which to lodge the record in this case. The record was lodged on April 3, 2001. Although the record was lodged one day late, the timely lodging of the appellate record is the responsibility of the clerk of the trial court, not the State, as the defendant contends. LSA-C.Cr.P. art. 917. Further, there has been no showing that the one-day delay is imputable to the State or that the defendant *492 was prejudiced by the delay. The State timely filed its motion for appeal on February 1, 2001 and timely filed its brief on April 30, 2001. Therefore, the defendant's argument is without merit, and the State's appeal will be considered on the merits.
The State first alleges that the trial court erred when it did not hold a hearing on the motion to quash pursuant to State v. Carlos, supra, and State v. Lowry 00-107 (La.App. 5 Cir. 6/27/00), 762 So.2d 1275. In State v. Carlos, supra, the Louisiana Supreme Court extended the burden-shifting principles applicable to multiple offenders, as established in State v. Shelton, 621 So.2d 769, 779-780 (La. 1993), to the recidivist provisions of the DWI statute. Based on Carlos, when a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving 1) the existence of the guilty plea and 2) that an attorney represented the defendant during the plea. Carlos, supra, 738 So.2d at 559. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Id. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts back to the State. Id. This Court recognized the Carlos burden-shifting scheme in State v. Pickett, 99-532 (La. App 5 Cir. 10/26/99), 746 So.2d 185.
In the present case, the motion to quash was set for hearing on January 29, 2001. On that date, the following exchange occurred:
MR. PAT HAND, III [Defense Counsel]:
....We're here today on a motion to quash, third offense DWI there were two predicates, one of which we're challenging the validity of, it was Mr. Butler accurately recited the case number and the division.
THE COURT:
I've reviewed it in connection with this matter, I think counsel agreed to waive any other arguments in connection with this.
MR. PAT HAND, III:
Your Honor, I submit my motion [and] memorandum in support thereof. If Mr. Butler wants to argue I ask the right to rebuttal.
MR. BUTLER [Assistant District Attorney]:
I really don't have any argument, Judge. We have discussed it and at this point I would submit it on the documents that are already in the record.....
In this case, it is clear that the parties had the opportunity to have a Carlos hearing, but they chose to waive the hearing and submitted the matter on the documents and the record. This case is distinguishable from Carlos, supra, and Lowry, supra, wherein the parties had not been previously afforded the opportunity to establish their burden of proof at a Carlos hearing. Therefore, under these circumstances, the trial court did not err in failing to conduct a hearing in this case, and this argument is without merit.
Alternatively, the State argues that the 1994 Boykin colloquy and waiver of rights form establish that the 1994 predicate conviction was constitutionally obtained. The defendant counters that, under the totality of the circumstances, the guilty plea for the 1994 predicate conviction is invalid. The defendant was not represented by counsel when he pled guilty in 1994 and he asserts that he did not knowingly and intelligently waive his right to counsel. He further asserts that the colloquy and waiver of rights form are inadequate because *493 the predicate court failed to address the following issues: 1) the elements of the offense; 2) the maximum or minimum penalties; 3) the educational and literacy background of the defendant; and 4) his general state of mind and competency.
The right to counsel is a fundamental right guaranteed by the federal and state constitutions. U.S. Const. amend. VI; La. Const. of 1974, art. I, section 13; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Once informed of the right to counsel, an accused may intentionally waive the right. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Boudreaux, 99-1017 (La. App. 5 Cir. 2/16/00), 756 So.2d 505.
Prior to the Carlos decision, Louisiana jurisprudence held that an uncounseled misdemeanor DWI guilty plea could be used to enhance a subsequent DWI offense if the State established that the defendant knowingly and intelligently waived his right to counsel when the guilty plea was entered. State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 844; State v. Strain, 585 So.2d 540, 543 (La. 1991). In State v. Boudreaux, supra, 756 So.2d at 508, this Court recognized that the existing jurisprudence regarding uncounseled predicate DWI pleas remained valid after the Carlos decision. Therefore, in order to use a prior DWI guilty plea to enhance the penalty for a subsequent DWI conviction, the State must affirmatively show that, in entering the prior guilty plea, the defendant was either represented by counsel or that he knowingly waived his right to representation of counsel. State v. Boudreaux, supra, 756 So.2d at 507.
Before accepting a misdemeanor guilty plea, the trial judge should expressly advise the defendant of his right to counsel and to appointed counsel if he is indigent. State v. Garrity, 97-958 (La. App. 5 Cir. 1/27/98), 708 So.2d 1096, 1098. The trial judge should determine if the waiver is knowing and intelligent under the circumstances. Id. at 1097. In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. State v. Pickett, supra, 746 So.2d at 188. Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question which depends upon the facts and circumstances of each case. State v. Strain, supra, 585 So.2d at 542 (La.1991).
In the instant case, when the defendant plead guilty to the 1994 predicate offense, he was not represented by counsel. Before he entered his guilty plea, the clerk indicated to the court that the defendant wished to plead to driving while intoxicated and that the State would dismiss other charges. Thereafter, the trial judge advised the defendant of the following rights: the right to a judge trial; the right to have the State prove his guilt beyond a reasonable doubt; the right to confrontation of witnesses; the right against self-incrimination; the right to appellate review; the right to the assistance of a lawyer; and the right to have a lawyer appointed if he could not afford one. The court also advised the defendant that the conviction could be used in a Habitual Offender proceeding. The court inquired whether the guilty plea resulted from any promise or threat and the defendant responded in the negative. Thereafter, the court accepted the plea and sentenced the defendant to a $200.00 fine, 32 hours of community service, and attendance at substance abuse and driver improvement sessions.
*494 The waiver of rights form for the 1994 predicate conviction listed the offense as "DWI 894"[1] and listed the same rights as the court enumerated to the defendant at the hearing. The defendant's signature and the trial judge's signature appear at the bottom of the rights form. The defendant complains that he was not informed of the nature of the offense. However, the crime of driving while intoxicated is a non-complex crime, even among misdemeanors, and is almost self-explanatory. State v. Strain, supra, 585 So.2d at 544. There is no indication in the record that the defendant did not understand the nature of the offense with which he was charged. To the contrary, he conferred with the prosecutor prior to entering his guilty plea and was successful in confecting a favorable sentence on the charge. There has been no showing that the defendant was disadvantaged or prejudiced by the trial judge's failure to articulate the elements of the offense of DWI. Thus, this argument is without merit.
The defendant further argues that he was not informed of the penalty exposure when he pled guilty in 1994. The defendant pled guilty to driving while intoxicated on April 13, 1994. However, LSA-C.Cr.P. art. 556.1, which statutorily mandates a trial judge to advise a defendant of the maximum possible penalty prior to accepting a guilty plea, was not in effect at the time of the defendant's 1994 predicate conviction. LSA-C.Cr.P. art 556.1 did not go into effect until August 15, 1997. Furthermore, in State v. Anderson, 98-2977 (La.3/19/99), 732 So.2d 517, the Louisiana Supreme Court held that advice with respect to the defendant's sentencing exposure may facilitate the taking of a voluntary guilty plea, but it has never formed part of the core Boykin requirements for the entry of a presumptively valid guilty plea. Therefore, at the time of the defendant's 1994 plea, there was no statutory or jurisprudential requirement to inform the defendant of the sentencing exposure for DWI. Accordingly, this argument is without merit.
Finally, the defendant alleges that the trial court failed to inquire into his educational and literacy background and his general state of mind and competency in determining whether his waiver of counsel was knowing and intelligent. We find this Court's decision in State v. Pickett, supra, applicable to the facts of the present case. In Pickett, the defendant was charged with DWI, third offense. The defendant filed a motion to quash the two predicate offenses. In attacking his 1994 guilty plea, Pickett alleged that he was not represented by counsel and his waiver of counsel was invalid because the trial judge did not make any inquiry into his background or ability to understand the proceedings. Pickett, supra, 746 So.2d at 187. The trial court was presented with a transcript of the Boykin proceedings and a waiver of rights form by the State.[2] In concluding that Pickett had made a knowing and intelligent waiver of counsel, this Court stated:
At the hearing on January 24, 1994, the trial judge did not specifically inquire into the defendant's background or ability to understand the proceedings. The transcript shows that the judge verbally advised defendant of his right to `the assistance of a lawyer.' The transcript also indicates that the defendant spoke with the district attorney prior to entering his guilty plea in this proceeding. The defendant was not only aware of his right to enter a guilty plea under La. *495 C.Cr.P. art. 894, but he took advantage of that right.
* * *
The colloquy in each case gave the trial court an opportunity to measure the defendant's capacity to understand the rights that he was waiving. Further, the waiver of rights form signed by both the defendant and the trial judge correctly listed the rights that were being waived. We conclude that the plea colloquy in the 1994 predicate conviction was sufficient to demonstrate that the defendant was properly advised of his right to counsel at all stages of the proceedings and to support a knowing waiver of his right to counsel....
State v. Pickett, supra, 746 So.2d at 188-189.
In this case, as in Pickett, the colloquy gave the trial court the opportunity to measure the defendant's capacity to understand the rights that he was waiving. Moreover, his competency and state of mind were further demonstrated by the fact that he discussed the matter with the prosecutor, reached a favorable plea agreement, and had additional charges against him dismissed. Under the facts and circumstances of this case, we find that the defendant was advised of his right to counsel and made a knowing and intelligent waiver of that right.
It is clear that the State satisfied the first step of the balancing test adopted in Carlos because the prior guilty plea and a voluntary waiver of counsel have been proven. The burden then shifts to the defendant to make an affirmative showing of an infringement of his rights or a procedural irregularity in the taking of the plea for the 1994 predicate conviction. For the reasons stated herein, we find that the defendant has failed to meet this burden. The 1994 predicate conviction is not constitutionally infirm and it may be used for enhancement purposes. Accordingly, the trial court erred in granting the defendant's motion to quash.
We have reviewed the record for errors patent, in accordance with LSA C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The record reveals that there are no patent errors in this case.
For the reasons set forth above, the ruling of the trial court which quashed the bill of information charging the defendant with driving while intoxicated, third offense, is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.Cr.P. art. 894.1.
[2] The language of the waiver of rights form in Pickett is identical to the waiver of rights form in this case.