|,SOL GOTHARD, Judge.
Defendant, Whitaker P. Bush, was charged by bill of information with third *797 offense operating a vehicle on October 15, 2002 while intoxicated (“DWI”), following two previous DWI convictions in the Second Parish Court for the Parish of Jefferson in violation of LSA-R.S. 14:98(D). Defendant filed a motion to quash the bill of information, asserting that he was not advised of his right to counsel when he entered both uncounseled predicate guilty pleas, and that he had not been advised of his rights against self-incrimination and to confront his accusers. The trial court granted defendant’s motion, finding that defendant was not fully advised of his rights against self-incrimination and to confront his accusers, and therefore the prior pleas were not voluntarily, or knowingly and intelligently given. The State appeals from this decision.
In this appeal, the State contends that the trial court should not have granted defendant’s motion to quash. Specifically, the State asserts that the trial judge erred in ruling that defendant had not been fully advised of his rights against self-incrimination and confrontation in the two predicate guilty pleas. Defendant contends that the court’s ruling was correct because the evidence does not show a valid waiver of the right to counsel or Boykin rights.
| When a defendant challenges the constitutional validity of a predicate DWI conviction resulting from a guilty plea, the State bears the initial burden of proving the existence of the guilty plea and that an attorney represented the defendant during the plea. State v. Carlos, 98-1366 (La.7/7/99), 738 So.2d 556, 559. If the State meets this burden, the defendant must produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to meet his burden, the State must prove the constitutionality of the plea. Anything less than a “perfect” transcript, such as a guilty plea form or a minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced. State v. Carlos; Accord, State v. Rodrigue, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 492.
The First Predicate Plea — case number 726-292.
At the hearing on the motion to quash in this case, the State introduced certified copies of the records of the predicate convictions. The record of the first predicate conviction contains a bill of information charging defendant with committing first offense DWI, violating the general speed law, and operating a motor vehicle without a valid driver’s license on September 3, 1999. It also contains a minute entry indicating defendant pled guilty under LSA-C.Cr.P. art. 894 on October 18, 1999, and contains defendant’s sentence. And, there is a waiver of rights form purportedly signed by defendant and the trial judge, and a transcript indicating that the trial judge personally addressed defendant before accepting his guilty plea, informing him of his right to trial, the right to confront accusers and to cross-examine witnesses, the right against self-incrimination, the right to an attorney, and the right to appellate review. The court also informed the defendant that the State bears the burden of proving guilt beyond a reasonable doubt, and that any plea could be used in subsequent proceedings. The court Lascertained that the defendant understood that he was waiving his rights by pleading guilty. This record satisfies the first prong of the State’s burden under Carlos, that is, proving the existence of the guilty plea. However, the State failed to meet its initial burden of proving that he was represented by counsel.
*798 An uncounseled misdemeanor conviction, absent a valid waiver of counsel, may not serve as the predicate for enhancement of a subsequent DWI offense. See, State v. Stevison, 97-3122 (La.10/30/98), 721 So.2d 843, 844. The State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemeanor DWI that is used to enhance a subsequent DWI offense. See, State v. Boudreaux, 99-1017 (La.App. 5 Cir. 2/16/00), 756 So.2d 505, 508. Accord, State v. Rodrigue, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 493. The determination of the validity of the accused’s waiver of counsel rests on the totality of the circumstances in each case. State v. Stevison, supra.
In this case, defendant was advised of the right to counsel in the transcript and in the waiver of rights form. The transcript also reflects that the trial judge advised defendant of the right to appointed counsel if indigent. The judge further inquired into defendant’s age, educational background, inquired whether defendant had been threatened or coerced into pleading guilty, and explained the serious nature of pleading guilty. Accordingly, the State met its burden of proving that defendant validly waived his right to counsel in the first predicate plea.
Because the State met its initial burden, the burden was upon defendant to produce affirmative evidence indicating an infringement of his rights or a procedural irregularity in the taking of the plea. Defendant claims the first predicate plea was invalid because of deficiencies in the waiver of rights form. As pointed out by defendant, several lines were left blank on the waiver of rights form. The statute is not indicated, the maximum sentence is not indicated, and the |Rlines for the penalty to be imposed upon defendant have been left blank. However, the blanks for the defendant and the trial judge contain signatures. This Court found, under similar circumstances, that blanks on a waiver of rights form were inconsequential and did not affect the validity of defendant’s guilty plea in State v. Kerwin, 02-103 (La.App. 5 Cir. 5/15/02), 821 So.2d 28, 34.
Furthermore, the evidence is sufficient to prove the constitutionality of the plea. The colloquy with the trial judge reflects that the judge obtained a valid waiver of the right to counsel, despite the blanks in the waiver of rights form. Further, the colloquy reflects the trial court advised defendant of the constitutionally required triad of rights as set out in Boykin v. Alabama and that defendant knowingly and voluntarily waived those rights.
Considering the foregoing, we find that the trial judge erred in granting the motion to quash as to the first predicate plea, case number 726-292.

The Second Predicate Plea—case number 82J/.-371.

Turning to the second predicate guilty plea, the record introduced contains a bill of information charging defendant with committing second offense DWI, speeding, and operating a motor vehicle without a valid driver’s license on November 10, 2001. The record also contains a minute entry reflecting that defendant pled guilty as charged on May 23, 2002, a waiver of rights form purportedly signed by the defendant and the trial judge, and a commitment containing defendant’s sentence. The documents submitted satisfy the first prong of the State’s burden under Carlos, that is, proving the existence of the guilty plea. However, because defendant was also unrepresented when he entered this guilty plea, the State was required to prove a valid waiver of counsel.
*799 The record contains only one minute entry which indicates that defendant pled guilty as charged to count one (DWI) and that counts two and three of the bill of information were dismissed. The commitment indicates that defendant pled 1 (¡guilty to LSA-R.S. 14:98(C) and contains the sentence of the trial judge. Neither the commitment nor the minute entry reflects that defendant was advised of his right to counsel, or of his Boykin rights.
The waiver of rights form, however, is three legal pages in length and is very comprehensive. Language in the form states that defendant acknowledges that by pleading without the assistance of counsel, he gives up the right to the “assistance of a lawyer at all stages of the proceedings” and the “right to have a lawyer appointed, if I cannot afford one.” There is a printed acknowledgement that defendant’s rights were “thoroughly explained” by the trial judge, that defendant understood them, and that defendant had the opportunity to ask questions, but had no further questions to ask. The signature line for the defendant is signed.
Below defendant’s signature line, there is a printed acknowledgement that the trial judge “read and reviewed the above with defendant in open court,” that the trial judge provided defendant an opportunity to ask questions, and that he had answered any of defendant’s questions. The printed acknowledgement further provides that the trial judge found defendant’s acts were knowing and voluntary. The signature line for the trial judge is signed.
Because there is no transcript and because the minute entry and commitment are silent as to whether defendant was advised of his right to counsel, the question is whether the waiver of rights form alone will support a finding that the defendant was advised of and validly waived his right to counsel. Jurisprudence has established that it cannot. See, State v. Deroche, 96-1376 (La.11/8/96), 682 So.2d 1251, 1252 (per curiam); State v. Nabak, 03-919 (La.12/30/03), 864 So.2d 758; State v. Granier, 03-447 (La.App. 5 Cir. 9/30/03), 857 So.2d 1176.
We also note that the minute entry and the commitment are silent as to whether defendant was advised of his Boykin rights. This Court has recognized that “a guilty plea-rights waiver form, even if well-executed and complete in every |7detail, without minutes or a transcript of the plea is not sufficient to show a knowing and voluntary waiver of Boykin rights.” State v. Dejean, 94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284, 286 writ denied, 96-547 (La.5/17/96), 673 So.2d 608 (citation omitted). Accord, State v. Boudreaux, 756 So.2d at 513.
Considering the totality of the circumstances, we find that the State failed to satisfy the second requirement of its initial burden under Carlos of proving a valid waiver of counsel in the second predicate guilty plea. Accordingly, we find that the trial judge did not err in granting the motion to quash as to the second predicate plea, case number 824-371.
We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and find none which merit consideration.
For the above discussed reasons, the judgment of the trial court is set aside and vacated insofar as it grants the motion to quash the first predicate plea, case number 726-292, and affirmed insofar as in grants the motion to quash the second predicate plea, case number 824-371. This matter is remanded for further proceedings.
*800 AFFIRMED IN PART; VACATED IN PART; AND REMANDED.