HANS J. LILJEBERG, Judge.
| ^Defendant appeals his conviction and sentence for operating a vehicle while intoxicated, fourth offense. For the following reasons, we affirm.

PROCEDURAL HISTORY

On July 30, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, John Henry Boyd, Jr., with operating a vehicle while intoxicated (“DWI”), fifth offense, in violation of La. R.S. 14:98. Defendant pled not guilty to the charge. Thereafter, he filed a motion to quash the bill of information, arguing that the predicate convictions used to charge him as a fifth offender were constitutionally deficient.[1] After a hearing, the trial court denied defendant’s mo *1253 tion to quash. Defendant filed a writ application with this Court, seeking review of the trial court’s ruling. This Court denied defendant’s writ application, declining to exercise its supervisory jurisdiction and concluding that defendant “has an adequate remedy on appeal if convicted.”
laOn December 5, 2014, defendant withdrew his not guilty plea and pled guilty to DWI, fourth offense, reserving his right under State v. Crosby[2] to appeal the trial court’s denial of his motion to quash. Thereafter, the trial court sentenced defendant in accordance with the plea agreement to ten years imprisonment in the custody of the Department of Corrections. The trial court also imposed a $5,000.00 fine. Defendant appeals.

FACTS

Because defendant’s conviction was the result of a guilty plea, the underlying facts of the case are not fully developed in the record. The bill of information alleges that on May 30, 2013, defendant committed the offense of driving while intoxicated, in violation of La. R.S. 14:98, having previously been convicted on April 19, 2012, of four separate DWI offenses, in the Second Parish Court for Jefferson Parish under docket numbers S1118497, S1150829, S1166612, and S1208968. Additionally, during the guilty plea colloquy, the State asserted that “[o]n May 30th, 2013, the defendant drove while impaired having been convicted three prior times of driving while impaired ... in Jefferson Parish.”

LAW AND DISCUSSION

On appeal, defendant argues that the trial court erred in denying his motion to quash. He asserts that his predicate convictions cannot be used to enhance the instant offense, because the State failed to produce evidence showing that his waiver of counsel was knowingly and intelligently made prior to entering his guilty pleas to the predicate offenses. Specifically, defendant argues that the transcript from his prior guilty pleas establishes that it was not until after the prosecutor spoke to him that he changed his pleas to guilty. He further contends that the trial court did not expressly advise him of his right to counsel until “midway through |4the Boy-kin[3] examination.” Accordingly, he concludes that the waiver of his right to counsel was not knowingly and voluntarily made since plea negotiations were made prior to his waiver.
On October 25, 2013, defendant filed a motion to quash, contending that his four April 19, 2012 guilty pleas could not be used to enhance the instant offense, because he was not represented by counsel and did not knowingly and intelligently waive his right to counsel when he entered his pleas. A hearing on defendant’s motion to quash was held on December 10, 2013. At the hearing, defense counsel argued that with respect to his prior guilty pleas, defendant was not represented by an attorney, and he was advised that he would be given credit for time served and released from jail if he pleaded guilty. The trial court corrected defense counsel, noting that the transcript indicated that defendant would receive credit for the four months he had already served on the 24-month sentence that would be imposed. He also noted that although defendant was *1254 ultimately releásed, it was due to prison overcrowding. Defense counsel went on to argue that the trial court “took a plea” from defendant prior to addressing whether defendant understood his right to an attorney, and the court only advised defendant of his right to counsel after the plea colloquy was well underway and negotiations had already taken place with the prosecutor. The trial court denied defendant’s motion to quash, finding that the trial court “advised him of his right to counsel, that he freely waived his right to counsel, they explained to him the consequences of his plea, that he went ahead and he understood that, and the plea was freely and voluntarily made.”
A motion to quash is the proper vehicle to challenge the constitutional validity of a prior DWI guilty plea. See State v. Lowry, 00-107, p. 3 (La.App. 5 Cir. 6/27/00), 762 So.2d 1275, 1277. A presumption of regularity attaches to prior | ^convictions in multiple offender DWI cases and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. State v. Collins, 04-255 (La.App. 5 Cir. 10/12/04), 886 So.2d 1149, 1153, writ denied, 04-2798 (La.3/11/05), 896 So.2d 62. When a defendant challenges the constitutionality of a predicate guilty plea involving the recidivist portion of the DWI statute, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when the plea was taken. State v. Carlos, 98-1366, p. 6 (La.7/7/99), 738 So.2d 556, 559. If the State meets this initial burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant makes the required showing, then the burden shifts back to the State to prove the constitutionality of the plea.[4] Id. at 7, 738 So.2d at 559.[5]
On appeal, defendant does not challenge the existence of his guilty pleas. Rather, he challenges the second part of the State’s initial burden, claiming that the trial court erred in denying his motion to quash, because he was not represented by counsel when his predicate pleas were entered, and the waiver of his right to counsel was not knowing, free, and voluntary because it was obtained “midway” through the Boykin colloquy and subsequent to plea negotiations with the State.
The right to counsel is a fundamental right guaranteed by the federal and state constitutions. See U.S. Const, amend. VI; La. Const, of 1974, art. 1, § 13. Before accepting a misdemeanor guilty plea, the trial judge should expressly advise the defendant of his right to counsel and to appointed counsel if he is | ¿indigent. State v. Dillon, 12-67, p. 6 (La.App. 5 Cir. 9/11/12), 101 So.3d 970, 975. Once informed of the right to coun *1255 sel, an accused may intentionally waive the right. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Rodrigue, 01-377 (La.App. 5 Cir. 8/28/01), 795 So.2d 488, 493. An uncoun-seled misdemeanor conviction, absent a valid waiver of counsel, may not serve as a predicate for enhancement of a subsequent DWI offense. Dillon, 12-67 at 6, 101 So.3d at 975. The State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a predicate misdemeanor DWI that is used to enhance a subsequent DWI offense. State v. Bush, 03-1438, p. 4 (La.App. 5 Cir. 4/27/04), 873 So.2d 795, 798.
Whether an accused has made a knowing and intelligent waiver of his right to counsel is a question which depends upon the facts and circumstances of each case. State v. Strain, 585 So.2d 540, 542 (La.1991). In determining the knowing and intelligent nature of the waiver of right to counsel, the trial judge should consider such factors as the age, education, experience, background, competency and conduct of the accused as well as the gravity of the offense. Rodrigue, 01-377 at 6, 795 So.2d at 493. The Louisiana Supreme Court has recognized that DWI crimes are non-complex and almost self-explanatory, thus requiring less judicial inquiry to determine if defendant understood his waiver of counsel in the case of a guilty plea. Strain, 585 So.2d at 544; State v. Nabak, 03-919 (La.App. 5 Cir. 12/30/03), 864 So.2d 758, 762.
In the present case, when considering the colloquy from defendant’s predicate pleas, as well as the four waiver of rights forms signed by defendant and the trial judge, we find that the State sufficiently proved that defendant knowingly and intelligently waived his right to counsel prior to entering his guilty pleas to 17four charges of first offense DWI on April 19, 2012. The transcript from the 2012 predicate pleas reflects that at the beginning of the proceeding, the clerk noted defendant was pleading guilty to four separate counts of DWI and that the State would dismiss defendant’s other charges for: operating without a license and speeding under case number 1118497; possession of alcohol in a vehicle, careless operation of a motor vehicle, and operating without a license under case number 1150829; resisting an officer, operating without a license, and careless operation of a motor vehicle under case number 1185612; and operating without a license, improper lane usage, and possession of alcohol in a vehicle under case number 1208968.
Defendant indicated that he intended to plead guilty to four counts of DWI. The trial court then mentioned that it had observed defendant speaking with the prosecutor and stated that it wanted defendant to understand that if he pleaded guilty, he would be sentenced to six months imprisonment on each count, to be served consecutively, with credit for time served. Defendant stated that he understood the sentence that would be imposed and indicated that he still wished to plead guilty. The trial court then inquired into defendant’s background. Defendant indicated that he was 43 years old, had completed the eleventh grade, was able to read and write the English language, and was able to read the newspaper and understand the articles contained within.
The trial court then discussed the four signed waiver of rights forms with defendant. The waiver of rights forms reflect *1256 that defendant was advised of his right to counsel and that if he entered the pleas without the assistance of a lawyer, he waived his right to assistance of a lawyer at all stages of the proceedings and the right to have a lawyer appointed if he could not afford one. Defendant indicated that he was able to read all of the words on the forms, that he understood the ^concepts on the forms, and acknowledged that he did in fact sign the forms. The trial court advised defendant that he would go over the pages of the forms with him on the record and twice advised defendant to stop and ask questions if he did not understand anything that was said.
After defendant acknowledged the facts surrounding the four predicate DWI offenses, he was advised of his rights in-compliance with Boykin, supra. The trial court expressly advised defendant that by pleading guilty he would be giving up his right to maintain his pleas of not guilty and go forward with trial on each charge, his right to trial by judge, his right to require the State to prove his guilt beyond a reasonable doubt, his right to confront his accusers and cross-examine the witnesses who may be called against him at trial, his right against self-incrimination, and his right to appellate review. The trial court then addressed defendant regarding his right to counsel as follows:
THE COURT: Do you understand you are entitled to the assistance of a lawyer but at this time you are wishing to waive those rights and enter these pleas without the assistance of a lawyer? Do you understand that?
DEFENDANT: Yes.
THE COURT: Do you understand that if you could not afford a lawyer and wanted one, the Court would appoint one for you but you are waiving and giving up that right? Do you understand that?
DEFENDANT: Yes.
THE COURT: You are entitled to the assistance of a lawyer at all stages of these proceedings. Do you understand that?
DEFENDANT: Yes.
The court further explained to defendant the Habitual Offender Law and how his pleas could serve as predicates for enhancement of a subsequent DWI offense, specifically advising defendant of the ten-year cleansing period and potential future penalties if defendant was charged with a subsequent DWI. | aDefendant confirmed that he was not promised anything, or threatened into entering his pleas, that his pleas were being made knowingly, intelligently, freely and voluntarily, and that he did not have any questions for the court. Thus, the court accepted defendant’s pleas, finding that defendant entered them knowingly, intelligently, freely and voluntarily, without any promises or threats having been made to encourage him to enter his pleas.
On appeal, defendant relies on State v. Sheppard, 95-0370 (La.9/13/96), 679 So.2d 899, in support of his argument that his waiver was invalid and for the proposition that without an express waiver of counsel by defendant, the absence of counsel at the plea-bargaining stage is presumptively prejudicial. However, the facts in Sheppard are distinguishable from the present case, and the circumstances in Sheppard were unusual. In that case, the Louisiana Supreme Court found that the defendant, who pleaded guilty to armed robbery, had no opportunity to discuss with any attorney the critical decision of whether to plead guilty or to stand trial for this felony *1257 offense. Id. at 2, 679 So.2d at 899. The defendant’s first attorney withdrew the morning of trial, having spoken to the defendant only once to inform him that he was withdrawing from the case. The defendant’s newly appointed counsel was informed that defendant wished to plead guilty, but he made no effort to discuss the circumstances of the offense or the decision to plead guilty with the defendant. The defendant’s first attorney reappeared but made no effort to intercede prior to the trial judge’s imposition of the maximum penalty. Id., 95-0370 at 1, 679 So.2d at 899. The Louisiana Supreme Court concluded that because plea bargaining is a critical stage of the proceedings, the defendant’s Sixth Amendment right to counsel attached at that time. Id., 95-0370 at 1-2, 679 So.2d at 899. Accordingly, the Court vacated the defendant’s conviction and sentence.
Loin the present case, the issue is not whether defendant had a right to counsel, but whether there was a valid waiver of that right. We find that this case is more analogous to State v. Rodrigue, 01-377 at 9, 795 So.2d at 495, where favorable negotiations with the prosecutor in a misdemeanor case, prior to the Boykin colloquy, were considered as an aid to assess the defendant’s competency to understand the waiver of his right to counsel, rather than prohibited conduct which renders a subsequent waiver invalid, as argued by defendant.
In Rodrigue, swpra, the State appealed the trial court’s judgment granting the defendant’s motion to quash. In response to the State’s appeal, defendant argued that the trial court’s ruling was correct, because the defendant’s uncounseled guilty plea to the predicate offense was not constitutionally obtained. He maintained that the colloquy and waiver of rights form did not establish a knowing and intelligent waiver of his right to counsel because it failed to address, in pertinent part, the elements of the offense, Ms educational and literacy background, and his general state of mind and competency. Rodrigue, 01-377 at 5, 795 So.2d at 492-493. In reversing the trial court’s ruling, this Court noted that there was no indication in the record that the defendant did not understand the nature of the offense with which he was charged. Instead, the record reflected that the defendant conferred with the prosecutor prior to entering his guilty plea and was successful in confect-ing a favorable sentence on the charge. Id. at 9, 795 So.2d at 495. Moreover, with respect to the defendant’s argument that his waiver of counsel was not knowing and intelligent due to the trial court’s failure to inquire into his background, state of mind, and competency, this Court stated that the colloquy gave the trial court the opportunity to measure the defendant’s capacity to understand the rights he was waiving. This Court held that the defendant’s competency and state of mind were further demonstrated by the fact that the | ndefendant discussed the matter with the prosecutor, reached a favorable plea agreement, and had additional charges against him dismissed. Id. Thus, this Court found the defendant was advised of his right to counsel and made a knowing and intelligent waiver of that right. Ro-drigue, 01-377 at 9, 795 So.2d at 495.
In the instant case, the trial judge personally addressed defendant during the colloquy and was in a position “to assess the extent of inquiry necessary to determine the knowing, intelligent and voluntary nature of the waiver of counsel as well as of the guilty plea.” Strain, 585 So.2d at 544. Specifically, the court inquired into *1258 defendant’s background and general state of competency prior to proceeding, and defendant stated that he was 43 years old, had completed the eleventh grade, was able to read and write the English language, and could read and comprehend articles in the newspaper. As in Ro-drigue, supra, defendant’s capability was further demonstrated by the fact that he met with the prosecutor prior to entering his guilty pleas and was successful in con-fecting a favorable plea agreement, as evidenced by the State’s dismissal of 11 of defendant’s other charges. The trial court also personally discussed with defendant the waiver of rights forms, which noted his right to an attorney and were signed by defendant acknowledging his understanding of the concepts on the forms. He was then verbally advised by the trial court of his rights in compliance with Boykin, supra, as well as his right to an attorney at all stages of the proceedings and the appointment of an attorney if he could not afford one. Lastly, defendant indicated he was not promised anything, or threatened into entering his pleas, that his pleas were being made knowingly, intelligently, freely and voluntarily, and that he did not have any questions for the court.
Considering the totality of the circumstances, including defendant’s background, the colloquy between the trial court and defendant, the executed | ^waiver of rights forms, the favorable plea bargain entered into with the State as evidenced by the dismissal of defendant’s other charges, and the fact that crimes of “driving while intoxicated are non-complex crimes, and almost self-explanatory, thus requiring less judicial inquiry to determine if a defendant understood his waiver of counsel in the case of a guilty plea,” we find that defendant was advised of his right to counsel and knowingly and intelligently waived that right. Thus, the trial court properly denied defendant’s motion to quash, and this assignment of error is without merit.

ERRORS PATENT

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review did not reveal any errors that require corrective action.

DECREE

For the foregoing reasons, we affirm defendant’s conviction and sentence.

AFFIRMED

. Defendant’s motion to quash is not contained in the record on appeal. However, defendant filed a previous writ application with this Court, under docket number 14-K-57, contesting the trial court's denial of his motion to quash, which included a copy of his motion filed into the trial court record on October 25, 2013. This Court may take judicial notice of its own proceedings. See State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), *1253 750 So.2d 1036, 1053, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062 and 00-0150 (La.6/30/00), 765 So.2d 1066.

. State v. Crosby, 338 So.2d 584 (La.1976).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. The State will meet this burden by producing a "perfect” transcript of the guilty plea colloquy, which reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykin v. Alabama, supra. Anything less than a perfect transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's Boykin rights were prejudiced. Carlos, 738 So.2d at 559; State v. Shelton, 621 So.2d 769, 775 (La.1993).

. This burden shifting scheme was first enunciated in Shelton, supra, which involved habitual offender proceedings. In Carlos, supra, the Louisiana Supreme Court extended this burden shifting scheme to the recidivist portions of the DWI statute.