STATE OF LOUISIANA

VERSUS

JOEL J. FAUCHEUX, JR.

NO. 25-K-343

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 25,209, DIVISION "D"
HONORABLE ROCHELLE C. FAHRIG, JUDGE PRESIDING

August 27, 2025

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT GRANTED**
    **SUS**
    **JGG**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STATE OF LOUISIANA
    Joel T. Chaisson, II
    Louis G. Authement

COUNSEL FOR DEFENDANT/RESPONDENT,
JOEL J. FAUCHEUX, JR.
    Maria M. Chaisson

**SCHLEGEL, J.**

Defendant, Joel J. Faucheux, Jr., is charged with third offense driving while intoxicated. In this writ application, the State of Louisiana seeks review of the trial court's July 10, 2025 ruling, which granted defendant's motion to quash one of the predicate DWI convictions listed in the bill of information. For the following reasons, we grant the State's writ application and reverse the trial court's decision to grant the motion to quash.

## PROCEDURAL BACKGROUND

On May 1, 2025, the District Attorney for St. Charles Parish filed a bill of information charging defendant with a violation of La. R.S. 14:98, driving while intoxicated, third offense. The State alleged that defendant had two prior convictions for driving while intoxicated in St. Charles Parish – one in 2014 in Case No. 718-486, and the other in 2019 in Case No. 835-736.

On May 21, 2025, defendant filed a motion to quash the 2014 predicate offense on the grounds that it was not constitutionally valid for enhancement purposes. Defendant argued that his waiver of counsel and guilty plea for this conviction were not knowingly, intelligently, and voluntarily entered because the trial court did not make any inquiry into his age, education, or mental capacity to understand the proceedings during the plea colloquy. He further asserted that the trial court did not state on the record that he intelligently, knowingly, and voluntarily waived his right to counsel.

The trial court held an evidentiary hearing on July 10, 2025. At the hearing, the State argued that the transcript of the *Boykin*[1] colloquy for the 2014 guilty plea demonstrated that the trial court explained and the defendant understood all of his constitutional rights, including the waiver of his right to counsel. The State further explained that prior to the plea, the trial court ordered a substance abuse evaluation

---

[1] *Boykin* v. *Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

and received a report containing information regarding defendant's age, education, and background. The transcript indicates that the trial court entered this evaluation into the record as "Court 1."

Following the July 10, 2025 hearing, the trial court granted defendant's motion to quash the 2014 predicate offense. The trial court recognized that defendant was adequately advised of his right to counsel during the 2014 plea colloquy. However, the trial court expressed concern that the prior court did not inquire into defendant's background and competency during the colloquy and did not explicitly state on the record that defendant's waiver of counsel was knowing and voluntary. As a result, the trial court granted the motion to quash. The State objected and this writ application followed.

## LAW AND DISCUSSION

In its writ application, the State argues that the trial court erred by granting defendant's motion to quash thereby finding that the 2014 predicate DWI plea was not constitutionally valid for penalty enhancement purposes. The State contends that the trial court reached this decision because it incorrectly relied upon a mechanical formula requiring an inquiry into the background and educational status of the defendant during the plea colloquy, rather than considering the totality of the circumstances. We agree.

Generally, a presumption of regularity attaches to prior convictions in multiple offender DWI cases, and the burden is on the defendant to show the prior guilty plea is constitutionally deficient. *State v. Collins*, 04-255 (La. App. 5 Cir. 10/12/04), 886 So.2d 1149, 1153, *writ denied*, 04-2798 (La. 3/11/05), 896 So.2d 62. In *State* v. *Carlos,* 98-1366 (La. 7/7/99),738 So.2d 556, 559, the Louisiana Supreme Court adopted and applied a three-step burden shifting process to determine the validity of prior DWI guilty pleas used in enhanced DWI

proceedings.[2] *See also State v. Balsano*, 09-735 (La. 6/19/09), 11 So.3d 475, 479. When a defendant challenges the constitutionality of a predicate guilty plea involving the recidivist portion of the DWI statute, the State has the initial burden to prove the existence of the prior guilty plea and that the defendant was represented by counsel when the plea was taken. *Carlos*, 738 So.2d at 559. If the State meets this initial burden, the burden shifts to the defendant to produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. *Id.*

If the defendant makes the required showing, then the burden shifts back to the State to prove the constitutionality of the plea. *Id.* The State will meet this burden by producing a "perfect" transcript of the guilty plea colloquy, which reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in *Boykin*, *supra*. Anything less than a perfect transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant's *Boykin* rights were prejudiced. *Id.*

If the record reflects that the predicate plea was uncounseled, the State has the burden of proving a valid waiver of counsel. *State v. Domino*, 10-661 (La. App. 5 Cir. 1/25/11), 60 So.3d 659, 664-65. In order to use a conviction to enhance a subsequent DWI offense, the State bears the burden of proving that an unrepresented defendant knowingly and intelligently waived his right to counsel before pleading guilty to a misdemeanor DWI. *State* v. *Bush,* 03-1438 (La. App. 5 Cir. 4/27/04), 873 So.2d 795, 798. Thus, the issue in the present matter is whether

---

[2] The Supreme Court first established this burden shifting scheme in *State* v. *Shelton,* 621 So.2d 769 (La. 1993), which involved habitual offender proceedings. In *Carlos, supra,* the Louisiana Supreme Court extended this burden shifting scheme to the recidivist portions of the DWI statute.

the State met the second criteria of its initial burden, a knowing and intelligent waiver of defendant's right to counsel.

The right to counsel is a fundamental right guaranteed by the federal and state constitutions. U.S. Const. Amend. VI; La. Const., art. 1, § 13. Before accepting a misdemeanor guilty plea, the trial judge should expressly advise the defendant of his right to counsel and to appointed counsel if he is indigent. Once informed of the right to counsel, an accused may intentionally waive the right. *State* v. *Rodrigue,* 01-377 (La. App. 5 Cir. 8/28/01), 795 So.2d 488, 493. To determine if the defendant's waiver is knowing and intelligent, the trial judge should consider factors such as the age, education, experience, background, competency and conduct of the accused, as well as the gravity of the offense. *State v. Strain,* 585 So.2d 540, 543-544 (La. 1991); *Rodrigue,* 795 So.2d at 493.

Defendant contends that pursuant to *Strain*, *supra,* the trial court was required to inquire into the defendant's age, education, and mental capacity to understand the proceedings during the colloquy for the 2014 guilty plea in order to determine that a waiver of counsel is knowing and voluntary. This is not accurate.

First, La. C.Cr.P. art. 556, which governs uncounseled misdemeanor guilty pleas and misdemeanor pleas that can be used to enhance subsequent offenses, does not require an explicit inquiry into the age and background of the defendant during the colloquy in order for the plea to be valid:

> A. Except as otherwise provided in Paragraph B of this Article or in R.S. 32:57 or in any other applicable law, in a misdemeanor case, if the defendant is not represented by counsel of record, the court shall not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary and is made with an understanding of the nature of the charge and of his right to be represented by counsel.

> B. In a misdemeanor case in which the court determines that a sentence of imprisonment will actually be imposed or in which the conviction can be used to enhance the grade or statutory penalty for a subsequent offense, the court shall not accept a plea of guilty or nolo

contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.

(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.

(3) That he has the right to have a trial, and if the maximum penalty provided for the offense exceeds imprisonment for six months or a fine of one thousand dollars, a right to trial by a jury or by the court, at his option.

(4) At that trial he has the right to confront and cross-examine witnesses against him and the right not to be compelled to incriminate himself.

(5) That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

\* \* \*

D. Any variance from the procedures required by this Article which does not affect substantial rights of the defendant shall not invalidate the plea.

Further, the Louisiana Supreme Court has explained that the factors discussed in *Strain* are not an "inflexible criteria or a magic word formula" for determining the validity of the defendant's waiver of counsel. *State v. Stevison*, 97-3122 (La. 10/30/98), 721 So.2d 843, 844-45. Rather, "[w]hat the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge." *Strain*, 585 So.2d at 543. This is because a trial judge who personally addresses the accused during the colloquy is in a position to assess the extent of inquiry necessary to determine the knowing, intelligent, and voluntary nature of the waiver of counsel as well as of the guilty plea. *State v. Simmons*, 05-1462 (La. 3/17/06), 924 So.2d 137, 138. Thus, the inquiry into the validity of the accused's waiver of counsel must take into account the totality of the

circumstances in each case. *Stevison*, 721 So.2d at 845. The critical issue on review of the waiver is whether the defendant understood the waiver. *State* v. *Nabak,* 03-919 (La. App. 5 Cir. 12/30/03), 864 So.2d 758, 762.

The determination of whether a defendant understood his waiver of counsel prior to pleading guilty to an uncomplicated misdemeanor requires less judicial inquiry than determining his understanding of his waiver of counsel for a felony trial. *State v. Kerwin*, 02-103 (La. App. 5 Cir. 5/15/02), 821 So.2d 28, 31. The Louisiana Supreme Court has recognized that crimes of driving while intoxicated are non-complex crimes, and almost self-explanatory, thus requiring less judicial inquiry to determine if defendant understood his waiver of counsel for a guilty plea. *Strain,* 585 So.2d at 544; *Nabak,* 864 So.2d at 762. Further, in *Kerwin, supra*, this Court reviewed numerous cases similar to this matter, where after considering the totality of the circumstances, we found the defendants knowingly and intelligently waived counsel in misdemeanor predicate DWI pleas despite the fact that the court accepting the plea did not inquire into the background or educational status of the defendant during the plea colloquy.

A ruling on a defendant's motion to quash the bill of information is a discretionary ruling and should not be disturbed absent an abuse of discretion. *State v. Boudreaux*, 13-394 (La. App. 5 Cir. 12/12/13), 131 So.3d 342, 345, *writ denied*, 14-115 (La. 6/20/14), 141 So.3d 807.

In the instant case, we find that considering the totality of the circumstances, the State proved that defendant knowingly and intelligently waived his right to counsel before entering the guilty plea in 2014, and therefore, the trial judge abused her discretion by granting the motion to quash. The transcript from the 2014 guilty plea colloquy indicates that prior to the colloquy, the prosecutor announced that he was dropping charges for aggravated assault against defendant and that defendant would plead guilty to "DWI under 894." The trial court then

advised defendant that by pleading guilty he was waiving his right to a trial by a judge and his right to file a writ if convicted. The trial judge also advised defendant that he had a right to be represented by an attorney, who would be required to represent him at trial and on the writ application. She further advised defendant that if he could not afford the services of an attorney, one would be appointed to represent him at no charge. Defendant indicated he understood those rights and that by pleading guilty, he was waiving his right to an attorney. He also indicated that he talked to the district attorney and wished to plead guilty "with the agreement that I have with him."

The trial judge also advised defendant that he had the right to confront and cross-examine witnesses and his right against self-incrimination, which he indicated he understood. The trial court advised defendant regarding the maximum penalty for DWI first offense and explained that he could receive a more severe sentence if he was convicted of another DWI offense in the future. When the trial court began to explain that the defendant had the right to compel the court to subpoena witnesses on his behalf, defendant indicated that he did not understand what it meant to waive his right to compulsory process. The trial judge thereafter provided him with an additional explanation, and defendant indicated that he understood. Following the plea colloquy, the trial court indicated "I'm convinced, based on the report, that there is a factual basis for your plea, and that it's freely, knowingly, and voluntarily made." Defendant received a deferred sentence pursuant to La. C.Cr.P. art. 894.

Because defendant questioned the judge when he failed to understand the implications relative to compulsory process, asserted that he had reached an agreement with the State, and answered affirmatively regarding his understanding of his other constitutional rights, it is reasonable to infer that defendant understood the waiver of all of his constitutional rights, including the right to counsel. *See*

*Kerwin*, 821 So.2d at 33 (finding it could be reasonably inferred that the defendant understood the waiver of his right to counsel, when he asked questions about a right he did not understand and answered in the affirmative when asked if he understood his rights regarding the waiver of counsel and other constitutional rights).

Further, while the trial court did not engage in a colloquy with defendant regarding his age, background, and mental competency, the substance abuse evaluation ordered by the court prior to the guilty plea contained information regarding all of these factors. Defendant argued at the evidentiary hearing that there is no way to determine whether the trial court reviewed the evaluation. However, the transcript indicates that the trial court ordered defendant to complete a substance abuse evaluation and prior to the start of the colloquy, the trial court placed the evaluation into the record as "Court 1." The evaluation lists defendant's date of birth as February 22, 1960, making him fifty-four years old at the time of the 2014 plea. It also includes background information indicating that defendant completed high school and graduated from trade school. The evaluator also noted that defendant's general appearance, behavior, and attitude were within normal limits, and his thought processes were linear and goal-directed. Defendant's mental capacity was further demonstrated by the fact that he negotiated with the prosecutor to receive the benefit of pleading under La. C.Cr.P. art. 894 and the dismissal of other charges pending against him. *See State v. Theriot*, 00-870 (La. App. 5 Cir. 1/30/21), 728 So.2d 1078, 1085 (considered the benefits negotiated by defendant in determining whether a valid waiver of counsel existed under the totality of the circumstances).

After considering the colloquy and the other information, the trial judge who accepted the 2014 guilty plea properly concluded that defendant had knowingly, intelligently, freely, and voluntarily waived his right to counsel when she accepted

his guilty plea to the misdemeanor charge. This judge was in the best position to assess the extent of the inquiry necessary to determine the knowing, intelligent, and voluntary nature of the waiver of counsel for a misdemeanor DWI conviction. Based on the foregoing, we find that under the totality of the circumstances, the State proved that defendant knowingly and intelligently waived his right to counsel before entering into his 2014 misdemeanor DWI guilty plea. As such, we find that the trial court abused its discretion by granting the motion to quash.

Accordingly, we grant the State's writ application and reverse the trial court's ruling which granted the motion to quash the 2014 predicate offense filed by defendant, Joel J. Faucheux, Jr.

**<u>WRIT GRANTED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 27, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-343**

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ROCHELLE C. FAHRIG (DISTRICT JUDGE)
MARIA M. CHAISSON (RESPONDENT)

**MAILED**
LOUIS G. AUTHEMENT (RELATOR)
ATTORNEY AT LAW
13919 RIVER ROAD
SUITE 300
LULING, LA 70070

HONORABLE JOEL T. CHAISSON, II
(RELATOR)
DISTRICT ATTORNEY
TWENTY-NINTH JUDICIAL DISTRICT
COURT
POST OFFICE BOX 680
HAHNVILLE, LA 70057